SEYFARTH SHAW LLP
John Giovannone (SBN 239366)
E-mail:  jgiovannone@seyfarth.com
Amanda I. Fry (SBN 317093)
E-mail:  afry@seyfarth.com
601 S. Figueroa Street, Suite 3300
Los Angeles, California 90017
Telephone:      (213) 270-9600
Facsimile:       (213) 270-9601

SEYFARTH SHAW LLP
Ryan McCoy (SBN 276026)
E-mail:  rmccoy@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105-2930
Telephone:      (415) 397-2823
Facsimile:       (415) 397-8549

Attorneys for Defendants
RICOH USA, INC.; IKON OFFICE SOLUTIONS, INC.;
and RICOH AMERICAS CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTO DE LEON, as an individual, on behalf of himself, and all persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RICOH USA, INC., an Ohio corporation authorized to do business in the state of California; IKON OFFICE SOLUTIONS, INC., also known as Ricoh USA, Inc., an Ohio corporation authorized to do business in the state of California; RICOH AMERICAS CORPORATION, a Delaware corporation previously authorized to do business in the state of California and succeeded by Ricoh USA, Inc.; and DOES 1 to 10 inclusive, <br><br> Defendants. | Case No. <br><br> **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT** <br><br> Complaint Filed:   May 22, 2018 <br><br> Sonoma County Superior Court Case No. SCV262516 |

46942473v.3

1   TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

2   CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

3   **PLEASE TAKE NOTICE** that Defendants Ricoh USA, Inc., IKON Office Solutions, Inc., and

4   Ricoh Americas Corporation (collectively "Defendants") hereby remove the above-captioned action

5   from the Superior Court of the State of California, County of Sonoma, to the United States District

6   Court for the Northern District of California, asserting original jurisdiction under 28 U.S.C. § 1332(d)(2)

7   (the Class Action Fairness Act of 2005 ("CAFA")), and (c), and removal jurisdiction under 28 U.S.C.

8   §§ 1441(a), 1446, and 1453.  Defendants state that removal is proper for the following reasons.

9   <u>**PLEADINGS, PROCESSES AND ORDERS**</u>

10   1.   On May 22, 2018, Augusto De Leon ("Plaintiff") filed a Class and Representative

11   Complaint for Damages, Civil Penalties, PAGA Penalties, Injunctive Relief, and Restitution in the

12   Superior Court of California, County of Sonoma, entitled: *Augusto De Leon, as an individual, on behalf*

13   *of himself, and all persons similarly situated, Plaintiff, vs. RICOH USA, INC., an Ohio corporation*

14   *authorized to do business in the state of California; IKON OFFICE SOLUTIONS, INC., also known as*

15   *Ricoh USA, Inc., an Ohio corporation authorized to do business in the state of California; RICOH*

16   *AMERICAS CORPORATION, a Delaware corporation previously authorized to do business in the state*

17   *of California and succeeded by Ricoh USA, Inc.; and DOES 1 to 10 inclusive*, Case Number SCV

18   262516 (the "Complaint").  A true and correct copy of the Complaint, and related process, pleadings,

19   and orders served on Defendants are attached hereto as **Exhibit A**.  The Complaint purports to allege

20   nine claims for relief, including: (1) failure to pay minimum wage and overtime (Cal. Lab. Code §§ 204,

21   210, 510, 1194, 1197, 1197.1, and 1198); (2) failure to provide meal periods (Cal. Lab. Code §§ 226.7

22   and 512); (3) failure to permit rest periods (Cal. Lab. Code § 226.7); (4) failure to reimburse business

23   expenses (Cal. Lab. Code §§ 2800 and 2802); (5) failure to pay final wages (Cal. Lab. Code §§ 201,

24   202, and 203); (6) failure to provide accurate, itemized wage statements (Cal. Lab. Code §§ 226 and

25   226.3); (7) failure to maintain accurate records (Cal. Lab. Code §§ 226(a) and 1174); (8) unfair

26   competition (Cal. Bus. & Prof. § 17200 *et seq.*); and (9) relief under the Private Attorneys General Act

27   of 2004 (Cal. Lab. Code § 2698 *et seq.*).  (*See* Exh. A, Complaint).  The Complaint seeks to certify a

28   class of "current or former non-exempt service technicians employed by Defendants in the state of

46942473v.3

California at any time during the period commencing on the date that is within four years prior to the filing of this Complaint through the present date." (*Id.*, ¶ 39.) Plaintiff defines "service technicians" to include those who "held titles including but not limited to field service representative, technology service technician and/or other similar non-exempt positions (collectively 'service technicians')." (*Id.*, ¶ 1.)

2.   On June 21, 2018, Defendants filed an Answer to the Complaint in the Superior Court of California, County of Sonoma. A true and correct copy of the Answer is attached hereto as **Exhibit B**.

3.   Exhibits A and B constitute all pleadings, process, and orders served on Defendants and filed by Defendants in this action.

## TIMELINESS OF REMOVAL

4.   Plaintiff served the Complaint on May 24, 2018. This Notice of Removal is timely because it is filed within thirty (30) days of the service upon Defendants of a copy of the Complaint. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-56 (1999) (thirty-day removal period begins when defendant is formally served).

## JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

5.   This Court has original subject-matter jurisdiction over this action under CAFA, codified in relevant part in 28 U.S.C. section 1332(d)(2). As set forth below, this action is properly removable pursuant to 28 U.S.C. section 1441(a) because the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs, and is a purported class action in which a class member is a citizen of a State different from that of Ricoh USA, Inc., IKON Office Solutions, Inc., and Ricoh Americas Corporation (28 U.S.C. §§ 1332(d)(2) & (6)), and the number of putative class members is greater than 100. *See* 28 U.S.C. §§ 1332(d)(5)(B).

6.   CAFA requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

## A.   Plaintiff Is A Citizen Of California

7.   For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kantor v. Wellesly Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (10th Cir. 1994). Here,

NOTICE OF REMOVAL

46942473v.3

Plaintiff does not allege his citizenship in the Complaint, but based on information from Plaintiff's personnel file, which includes information he submitted to Defendants throughout the course of his employment, Plaintiff has, without exception, listed a California address as his current address, which demonstrates an "intent to remain" in California and establish domicile in California.  (Declaration of Tricia Graham In Support of Notice of Removal ("Graham Decl."), ¶ 3.)  Neither Plaintiff nor his counsel has provided a different address or expressed that Plaintiff does not intend to remain domiciled in California.  Further, he specifically alleges that he "worked at the Petaluma, California location." (Compl., ¶ 17.)  Thus, Plaintiff has, at all relevant times, resided and been domiciled in the State of California.  As such, Plaintiff is, and has been at all times since the institution of this action, a citizen of the State of California.

**B.      Defendants Are Not Citizens Of California**

8.      Under 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business.  One determines a corporation's principal place of business with the "nerve center" test.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Under the "nerve center" test, the principal place of business is the state where the "officers direct, control, and coordinate" the association's activities and where the association maintains its headquarters.  *Id.* at 92.

       **1.      Ricoh USA, Inc.**

9.      Ricoh USA, Inc. is a corporation incorporated under the laws of the State of Ohio. (Graham Dec. ¶¶ 13-14.)  Its headquarters and principal place of business is in Malvern, Pennsylvania, where its high-level officers direct, control, and coordinate its activities.  (*Id.*)

10.      Therefore, upon review of the citizenship of Defendants, under CAFA and the traditional view, Ricoh USA, Inc. is not and has never been a citizen of the State of California, but rather a citizen of the States of Ohio and Pennsylvania.

       **2.      IKON Office Solutions, Inc.**

11.      On April 1, 2012, IKON Office Solutions, Inc. became Ricoh USA, Inc.  (*See* Graham Dec. ¶ 15; *see also* Compl., p. 5, n.1.)  Prior to April 2012, IKON was an Ohio corporation incorporated under the laws of the State of Ohio.  (*Id.*)  Its headquarters and principal place of business was in

Malvern, Pennsylvania, where its high-level officers directed, controlled, and coordinated its activities. (*Id.*)

12.     Accordingly, IKON Office Solutions, Inc. was never a citizen of the State of California, but rather was a citizen of the States of Ohio and Pennsylvania.

### 3.     Ricoh Americas Corporation

13.     On April 1, 2016, Ricoh Americas Corporation ("RAC") merged into Ricoh USA, Inc. (*Id.*, ¶ 16; *see also* Compl., p. 5, n.2.)  Prior to October 2012, RAC was a Delaware corporation incorporated under the laws of the state of Delaware, with its principal place of business and corporate headquarters in West Caldwell, New Jersey, where RAC's key leaders and upper management directed, controlled, and coordinated RAC's activities.  (Graham Dec. ¶ 16.)  As of 2014, RAC was still a Delaware corporation, but its principal place of business and corporate headquarters were located in Malvern, Pennsylvania, where RAC's key leaders and upper management directed, controlled, and coordinated RAC's activities.  (*Id.*)

14.     Accordingly, Ricoh Americas Corporation was never a citizen of the State of California, but rather was a citizen of the States of Delaware, Pennsylvania, and New Jersey.  Therefore, CAFA diversity is satisfied because at least one Plaintiff is diverse from Defendants—in fact, all Defendants are diverse from the named Plaintiff.

## C.     All Defendants Have Joined In This Removal

Pursuant to 28 U.S.C. section 1446(b)(1), Defendants Ricoh USA, Inc., IKON Solutions, Inc., and Ricoh Americas Corporation, have all joined and consented in this removal.

## D.     There Are More Than 100 Putative Class Members

15.     CAFA requires that the aggregated number of members of all proposed classes in a complaint be at least 100.  *See* 28 U.S.C. § 1332(d)(5)(B).

16.     As noted, the putative California Class is defined as "current or former non-exempt service technicians employed by Ricoh in the state of California at any time during the period commencing on the date that is within four years prior to the filing of this Complaint through the present date." (Compl., ¶ 39.)

17.     From May 22, 2014 to June 10, 2018 (the "putative class period"), there have been

4

NOTICE OF REMOVAL

approximately 564 non-exempt employees who have been employed by Defendants in California as a non-exempt service technician, and thus fall within the putative class as defined by Plaintiff.  (Graham Decl., ¶ 5.)  Thus, the requisite number of at least 100 putative class members is satisfied here.

**E.      Plaintiff's Claims Place More Than $5,000,000 In Controversy**

18.      While Defendants deny any liability as to Plaintiff's claims, the amount in controversy as alleged in the Complaint exceeds $5,000,000.  All calculations supporting the amount in controversy are based on the Complaint's allegations (along with other documents as identified herein), assuming without any admission, the truth of the allegations, and assuming liability (which Defendants dispute) is established.  Likewise, these calculations are based on the putative class alleged in the Complaint, and in no way indicate that class treatment is appropriate in this case, or that Plaintiff has standing to represent such a class, or that the class proposed would meet the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure.  Defendants expressly reserve the right to challenge Plaintiff's claims, adequacy, and standing to represent any class, class definitions, and calculation of damages in all respects.  However, for purposes of removal, Defendants base its calculations on the allegations, facts known to Defendants, and class definition pleaded by Plaintiff.

19.      Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  *See* 28 U.S.C. § 1332(d)(6).  Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  Sen. Jud. Comm. Rep., S. REP. 109-14, at 42.  Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . .  Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

NOTICE OF REMOVAL

20.     To establish that the amount in controversy exceeds the jurisdictional amount, the defendant must make a plausible claim that the amount in controversy exceeds that amount.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

21.     As Plaintiff has not alleged his particular damages, reasonable estimates of the alleged amount in controversy are appropriate.  As such, Courts may assume a 100% violation rate in calculating the amount in controversy for removal purposes when a more precise calculation is not apparent on the face of the complaint.  *See, e.g., Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate")*; Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325FCDEFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) ("Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought" to indicate a violation rate smaller than 100%).

22.     Moreover, a plaintiff cannot evade federal jurisdiction by alleging that the amount in controversy falls below the jurisdictional minimum.  *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F. 3d 975, 978-82 (9th Cir. 2013).

### 1.     Overtime Claims

23.     Plaintiff's first cause of action seeks overtime wages, in addition to other unpaid wages. (Compl., ¶¶ 45-62.)  With respect to his individual and class claims for unpaid overtime wages, Plaintiff alleges that "[a]s a *policy, practice, guideline and/or procedure*, Ricoh *regularly* requires service technicians to work more than eight hours per shift and/or more than forty hours per workweek" (Compl., ¶ 54.) (emphasis added) and that he and other class members "*[r]egularly* worked more than eight hours per day and/or forty hours per week."  (*Id.*, ¶¶ 8, 19-20.) (emphasis added).  He also alleges that "time worked off the clock in order to complete a job went unconsidered in the determination of hours and/or overtime hours worked by service technicians."  (*Id.*, ¶ 24.)

24.     As to these claims, Plaintiff seeks to certify a class covering the last four years.  (Compl., ¶ 39; Prayer for Relief, p. 33.)  The average hourly rate for Defendants' non-exempt service technicians from May 22, 2014 to June 10, 2018 was $25.86.  (Graham Decl., ¶ 6.)  The approximate number of

46942473v.3

workweeks for these employees for that same period was approximately 89,308.  (*Id.*, ¶ 7.)

25.     Although Defendants deny that Plaintiff (or any other non-exempt service technician) was not compensated for all hours worked, assuming that putative class members worked one hour of overtime per day, or five hours of overtime per week, at an overtime rate of $38.79 per hour (1.5 times the average hourly rate of $25.86), overtime damages would come to approximately **$17,321,286** [5 hours/week x $38.79/hour x 89,308 workweeks].  However, because Plaintiff also seeks liquidated damages (Prayer for Relief, p. 34), the amount in controversy is an additional **$17,321,286**.  *See* Cal. Lab. Code § 1194.2 (allowing liquidated damages "in an amount equal to the wages unlawfully unpaid").  Thus, based on Plaintiff's allegations, the total amount in controversy for Plaintiff's overtime claim, alone, is approximately **$34,642,572**.

### 2.     Meal And Rest Break Claims

26.     Plaintiff's second and third claims are for failure to provide meal periods and failure to authorize and permit rest breaks.  With respect to his meal period claim, Plaintiff alleges that "as a *policy, practice, guideline and/or procedure*, Ricoh instructs service technicians to clock out and continue working off the clock during meal periods in order to complete a job in a timely manner." (Compl., ¶¶ 23, 70.) (emphasis added).  Plaintiff further alleges that, for at least a four-year period, "he and other service technicians were not provided with the opportunity to take duty-free meal periods of thirty-minute duration" and "often worked through, or took short and/or late, meal periods."  (*Id.*, ¶ 26.) Plaintiff further claims that "he and other service technicians were not given the opportunity to take a second duty-free meal period when they worked more than ten hours in one day."  (*Id.* at ¶ 72.)  In addition, Plaintiff asserts that Defendants "failed to pay Plaintiff and other current or former service technicians the legally required premium wage for non-compliant meal periods."  (*Id.*, ¶¶ 29, 74.)

27.     Similarly, with respect to his rest break claim, Plaintiff alleges that "as a *policy, practice, guideline and/or procedure*, Ricoh fails to authorize and permit service technicians to take lawful rest periods" (*Id.*, ¶ 86) (emphasis added) and that, for at least a four-year period, "service technicians *regularly* worked without the opportunity to take an off-duty rest period."  (*Id.*, ¶ 29.) (emphasis added). Plaintiff also claims that "Ricoh failed to pay Plaintiff and other current or former service technicians the legally required premium wage for non-compliant rest periods."  (*Id.*, ¶ 30.)  Plaintiff's allegations

46942473v.3

that Defendants failed to provide statutorily compliant meal periods and rest breaks and that Defendants did so on a regular and consistent basis supports a plausible assumption of a 100% violation rate.

28.     Assuming that each putative class member missed one meal period per workday, the putative class meal period damages from May 22, 2014 to June 10, 2018 would be approximately **$11,547,524** [$25.86/hour x 5 violations/week x 89,308 workweeks].  Likewise, assuming that each putative class member missed one rest period per workweek, the putative class rest period damages from May 22, 2014 to June 10, 2018 would also be approximately **$11,547,524** [$25.86/hour x 5 violations/week x 89,308 workweeks].  Thus, an estimate of the amount in controversy for Plaintiff's meal and rest break claims is approximately **$23,095,048**.

### 3.     Waiting Time Penalties

29.     Plaintiff's fifth claim is for waiting time penalties under Labor Code section 203. Plaintiff alleges that as a result of Defendants' practice of failing "to properly compensate its service technicians for all time worked as well as for non-compliant meal and rest periods … Ricoh willfully failed to timely pay wages owed to Plaintiff and other former service technicians who are no longer employed by Ricoh in violation of Labor Code §§ 201 and 202." (*Id.*, ¶ 110.)  The Complaint further alleges that "Plaintiff and other affected service technicians are entitled to, and thus seek, a maximum of 30 days' wages at their daily rate of pay as a waiting time penalty." (*Id.*, ¶ 111.)

30.     From May 22, 2015 to June 10, 2018, of the putative class members, there were approximately 174 former employees.  (Graham Decl., ¶ 8.)  The average hourly rate for those former employees was approximately $26.10.  (*Id.*, ¶ 9.)  Accordingly, although Defendants dispute liability, a reasonable estimate of the amount in controversy for section 203 penalties is **$1,089,936** [$26.10/hour x 8 hours/day x 30 days x 174 former employees].

### 4.     Wage Statements

31.     Plaintiff's sixth cause of action seeks penalties for failure to provide accurate, itemized wage statements.  (Compl., ¶ 114-127.)  Plaintiff alleges that "[d]ue to Ricoh's policies, practices, guidelines and/or procedures described herein, Ricoh failed to furnish accurate itemized wage statements to Plaintiff and other current or former service technicians because the wage statements did not properly reflect the number of hours worked and/or the applicable pay rates … the gross and/or net

8

wages earned by service technicians … [and] failed to include pay period information as well as the requisite employee and employer identification…" (*Id.*, ¶ 34.) Plaintiff seeks, on behalf of himself and other class members, "to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand ($4,000). (*Id.*, ¶ 116.)

32.    Defendants pay its employees on a bi-weekly basis. (Graham Decl., ¶ 12.) From May 22, 2017 to June 10, 2018, Defendants have employed approximately 380 putative class members. (*Id.*, ¶ 10.) During that time period, these 380 putative class members have worked approximately 19,448 workweeks. (*Id.*, ¶ 11.)

33.    Assuming that each of these 380 putative class members is entitled to penalties for approximately 51 workweeks (19,448 workweeks / 380 putative class members), each putative class member would recover a penalty in the amount of $5,050 (1 workweek x $50) + (50 workweeks x $100)). However, this penalty is adjusted downward so that it does not exceed $4,000. Even so, penalties for this cause of action may therefore be estimated at approximately **$1,520,000** ($4,000 penalty x 380 putative class members.)

34.    Even without including all of Plaintiff's claims and based on the allegations in Plaintiff's Complaint, a reasonable estimate of the amount in controversy based on the above claims is **$60,347,556**. This amount does not factor in any estimated recovery based on Plaintiff's allegations for unpaid minimum wages, liquidated damages for unpaid minimum wages, unpaid business expenses, or PAGA penalties.

### 5.    Attorneys' Fees

35.    The Complaint also seeks an award of attorneys' fees. (Compl., Prayer for Relief, p. 34.) Requests for attorneys' fees may be taken into account in ascertaining the amount in controversy for purposes of removal. *Longmire v. HMS Host U.S., Inc.*, Case No., 12-cv-2203, 2012 WL 5928485, at * 9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over amount in controversy under CAFA.") (citing *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002)); *Muniz*, 2007 WL 1302504, at *4 (attorneys' fees appropriately included in determining amount in controversy).

36. In the class action context, courts have found that 25% of the aggregate amount in controversy is a benchmark for attorneys' fees awards under the "percentage of fund" calculation and courts may depart from this benchmark when warranted. *See Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees are appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000); *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *27-29 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, No. EDCV 07-1182, 2010 WL 2991486, at *6 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Securities Litigation*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25% of the common fund).

37. Thus, even under the conservative benchmark of 25% of the total recovery, attorneys' fees based on the amount in controversy established above could be as high as **$15,086,889** [$60,347,556 x .25]. Adding this number to the total amount of damages that the Complaint has reasonably placed at issue brings the total damages to **$75,434,445**. Therefore, the amount Plaintiff has placed in controversy easily satisfies CAFA's $5,000,000 requirement.

38. As stated above, this amount does not include an estimated recovery for all of Plaintiff's claims, including claims for minimum wages and liquidated damages for unpaid minimum wages under Labor Code sections 1197 and 1194.2, unpaid business expenses, or penalties under PAGA. Plaintiff also asserts a derivative claim under section 17200, *et seq.*, of the California Business and Professions Code.

39. Since Plaintiff and Defendants are citizens of different states, there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000, removal is proper.

NOTICE OF REMOVAL

1

## **VENUE**

2      40.      Venue lies in this Court pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(a).  This

3   action originally was brought in the Superior Court of the State of California, County of Sonoma.

4

## **INTRA-DISTRICT ASSIGNMENT**

5      41.      Plaintiff alleges that Defendants "have caused injuries in Sonoma County."  (Compl., ¶

6   5.)  Thus, assignment to the San Francisco or Oakland division of this Court is proper under Civil L.R.

7   3-2.

8

## **NOTICE OF REMOVAL**

9      42.      Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of

10  Removal will be promptly served on Plaintiff and, together with a copy of the Notice of Removal, will

11  be filed with the Clerk of the Superior Court of the State of California, County of Sonoma.

12     43.      This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of

13  Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

14

## **PRAYER FOR REMOVAL**

15     WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the

16  State of California, County of Sonoma to the United States District Court for the Northern District of

17  California.

18  DATED: June 22, 2018                    Respectfully submitted,

19                                          SEYFARTH SHAW LLP

20

21

22  By: _____

23              John Giovannone
                Ryan McCoy
24              Amanda I. Fry
            Attorneys for Defendants
25          RICOH USA, INC.; IKON OFFICE
            SOLUTIONS, INC.; and RICOH
26          AMERICAS CORPORATION

27

28

46942473v.3

*Exhibit A*

*Exhibit A*

1  R. Craig Clark (SBN 129219)
   cclark@clarklawyers.com
2  Monique R. Rodriguez (SBN 304223)
   mrodriguez@clarklawyers.com
3  Paige D. Chretien (SBN 320210)
   pchretien@clarklawyers.com
4  **CLARK LAW GROUP**
   205 West Date Street
5  San Diego, CA 92101
   Telephone: (619) 239-1321
6  Facsimile: (888) 273-4554

7  Walter Haines (SBN 071075)
   **UNITED EMPLOYEES LAW GROUP**
8  5500 Bolsa Avenue, Suite 201
   Huntington Beach, CA 92649
9  Telephone: (562) 256-1047
   Facsimile: (562) 256-4554

10

11  *Attorneys for Plaintiff*

12

**FILED**

**MAY 2 2 2018**

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SONOMA
BY_____ DEPUTY CLERK

SCV – 262516
CF
Complaint Filed
61627

13              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14                       **FOR THE COUNTY OF SONOMA**

15  AUGUSTO DE LEON as an individual, on      CASE NO. *SCV*  262516
    behalf of himself, and all persons similarly
16  situated,                                 **CLASS & REPRESENTATIVE ACTION**

17                          Plaintiff,        **COMPLAINT FOR DAMAGES, CIVIL
                                              PENALTIES, RESTITUTION AND
18            v.                              INJUNCTIVE RELIEF:**

19  RICOH USA, INC., an Ohio corporation      **(1) FAILURE TO PAY MINIMUM
20  authorized to do business in the state of     WAGES AND OVERTIME
    California; IKON OFFICE SOLUTIONS,           COMPENSATION**
21  INC., also known as Ricoh USA, Inc., an      **(Labor Code §§ 204, 210, 510, 1194,
    Ohio corporation authorized to do            1197, 1197.1, and 1198);**
22  business in the state of California;
    RICOH AMERICAS CORPORATION, a          **(2) FAILURE TO PROVIDE LEGALLY
23  Delaware corporation previously              COMPLIANT MEAL PERIODS OR
    authorized to do business in the state of    COMPENSATION IN LIEU
24  California and succeeded by Ricoh USA,        THEREOF**
    Inc.; and DOES 1 to 10 inclusive,            **(Labor Code §§ 226.7 and 512);**
25
                            Defendants.      **(3) FAILURE TO PROVIDE LEGALLY
26                                               COMPLIANT REST PERIODS OR
                                                 COMPENSATION IN LIEU
27                                               THEREOF**
                                                 **(Labor Code § 226.7);**
28
                                             **(4) FAILURE TO REIMBURSE FOR**

                                          1
COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE
                                        RELIEF

NECESSARY WORK EXPENSES
(Labor Code §§ 2800 and 2802);

(5) **FAILURE TO PAY WAGES OWED**
(Labor Code §§ 201, 202, and 203);

(6) **FAILURE TO FURNISH
ACCURATE WAGE STATEMENTS**
(Labor Code §§ 226 and 226.3);

(7) **FAILURE TO MAINTAIN
ACCURATE RECORDS**
(Labor Code §§ 226(a) and 1174);

(8) **UNFAIR BUSINESS PRACTICES**
(Bus. & Prof. Code §§ 17200 *et seq.*);

(9) **PRIVATE ATTORNEYS GENERAL
ACT OF 2004**
(Labor Code §§ 2698 *et. seq.*).

**DEMAND FOR JURY TRIAL**

Plaintiff Augusto De Leon ("Plaintiff"), by and through his attorneys of record, brings this action on behalf of himself and all persons similarly situated against Defendants Ricoh USA, Inc., IKON Office Solutions, Inc., and Ricoh Americas Corporation (collectively "Ricoh" or "Defendants") on the following grounds:

## INTRODUCTION

1. This action is brought by Plaintiff on behalf of himself and all other current or former hourly non-exempt employees of Ricoh who held titles including but not limited to field service representative, technology service technician and/or other similar non-exempt positions (collectively "service technicians") who were not properly compensated for all hours worked, who were not provided with legally compliant meal and rest periods or compensation in lieu thereof, who were not reimbursed for necessary work expenses, who were not paid all wages due upon separation or termination of the employment relationship, who were not provided with accurate itemized wage statements, whose information was not properly maintained by Ricoh, and who were subject to Ricoh's unlawful, unfair and fraudulent business practices.

2. Plaintiff seeks damages, civil penalties, injunctive relief, and restitution, as well

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE
RELIEF

1    as reasonable attorneys' fees and litigation costs, as provided under California law.

2        3.      All allegations in this Complaint are based upon information and belief, except

3    those allegations pertaining to the named Plaintiff and his counsel, which are based on personal

4    knowledge. Each allegation in this Complaint has evidentiary support or is likely to have

5    evidentiary support after a reasonable opportunity for further investigation and discovery.

6                     **JURISDICTION AND VENUE**

7        4.      This Court has jurisdiction over this action pursuant to California Code of Civil

8    Procedure ("Code of Civil Procedure") section 410.10. Pursuant to Code of Civil Procedure

9    section 382 and California Business and Professions Code ("Bus. & Prof. Code") section

10    17203, Plaintiff brings this action on behalf of himself, and on behalf of all persons similarly

11    situated, as defined herein.

12        5.      This Court has personal jurisdiction over Defendants. Defendants are doing

13    business, or have previously done business, in the state of California throughout the statutory

14    period and have caused injuries in Sonoma County, as well as throughout the state of

15    California during the statutory period, through its acts and omissions, and by its violations of

16    the California Labor Code ("Labor Code") and Bus. & Prof. Code.

17        6.      Pursuant to Code of Civil Procedure section 395(a), venue as to each Defendant

18    is proper in this judicial district. Defendants Ricoh USA, Inc. and IKON Office Solutions, Inc.

19    are transacting business in Sonoma County and are otherwise within this Court's jurisdiction

20    for purposes of service of process. Defendant Ricoh Americas Corporation is also within this

21    Court's jurisdiction for purposes of service of process as it was previously authorized to do

22    business, and actually did business, in Sonoma County and throughout the state of California

23    during the statutory period. The unlawful acts alleged herein have a direct effect on Plaintiff

24    and those similarly situated within the county of Sonoma, the counties surrounding Sonoma

25    County and throughout the state of California.

26        7.      Pursuant to Rule 3.400 of the California Rules of Court, this case shall be

27    deemed a complex action because it is filed as a class and representative action and involves

28    specialized case management, extensive discovery and evidence, difficult and/or novel issues

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE
RELIEF

1 | and is likely to require extensive post judgment supervision.

2 | **THE PARTIES**

3 | I.   **PLAINTIFF**

4 |         8.      Plaintiff Augusto De Leon at all material times mentioned herein:

5 |                 a.      Was employed by Ricoh from approximately May 2000 to November

6 |                         2017 as a field service representative and technology service technician;

7 |                 b.      Worked at Ricoh's Petaluma, California location;

8 |                 c.      Was paid an hourly wage;

9 |                 d.      Regularly worked more than eight hours per day and/or forty hours per

10 |                        week;

11 |                 e.      Was subject to Ricoh's performance-based evaluations;

12 |                 f.      Was instructed to work off the clock in order to complete a job;

13 |                 g.      Was not paid for all time working off the clock;

14 |                 h.      Was not paid the appropriate overtime rate;

15 |                 i.      Was not provided with legally compliant meal periods or compensation in

16 |                        lieu thereof;

17 |                 j.      Was not provided with legally compliant rest periods or compensation in

18 |                        lieu thereof;

19 |                 k.      Was not reimbursed for necessary work expenses;

20 |                 l.      Was not paid all wages due upon separation or termination of the

21 |                        employment relationship;

22 |                 m.      Was not provided with accurate itemized wage statements;

23 |                 n.      Believes his employee and payroll records were not accurately maintained

24 |                        by Ricoh;

25 |                 o.      Was subject to Ricoh's unlawful, unfair and fraudulent business practices;

26 |                 p.      Is a member of the class and/or classes described herein;

27 |                 q.      Is an "aggrieved employee" as defined by Labor Code § 2699(c);

28 |                 r.      Complied with all requirements outlined in Labor Code §§ 2698 *et seq.*

4

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE
RELIEF

## II.   DEFENDANTS

9.      Defendant Ricoh USA, Inc. is an Ohio corporation authorized to do business, and is actually doing business, in the state of California. Ricoh USA, Inc. is in the business of producing, distributing and servicing office equipment, including but not limited to printers, photocopiers and fax machines, throughout the state of California.

10.      Defendant IKON Office Solutions, Inc., also known as Ricoh USA, Inc., is an Ohio corporation authorized and actually doing business under the corporate name Ricoh USA, Inc. [1], in the state of California.  IKON Office Solutions, Inc., is in the business of producing, distributing and servicing office equipment, including but not limited to printers, photocopiers and fax machines, throughout the state of California.

11.      Defendant Ricoh Americas Corporation was a Delaware corporation authorized to do business, and was actually doing business, in the state of California as Ricoh Americas Corporation until approximately April 1, 2016 when Ricoh Americas Corporation was succeeded by Ricoh USA, Inc.[2] During the relevant statutory period, Defendant Ricoh Americas Corporation was in the business of selling and servicing office equipment as well as selling related supplies throughout the state of California.

12.      The true names and capacities, whether individual, corporate, subsidiary, partnership, associate, or otherwise of Defendant Does 1 through 10, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names pursuant to Code of Civil Procedure section 474.  Plaintiff will amend his complaint to allege the true names and capacities of Does 1 through 10 when they are ascertained.

13.      At all times mentioned herein, the acts alleged to have been done and/or caused by Defendants are also alleged to have been done and/or caused by the unascertained defendants mentioned above, and by each of their agents and employees who acted within the scope of their agency and/or employment.

14.      At all times mentioned herein, each defendant acted as an agent, servant,

---

[1] Effective April 1, 2012, IKON Office Solutions, Inc. changed its corporate name to Ricoh USA, Inc.
[2] Effective April 1, 2016, Ricoh Americas Corporation merged out of existence into Ricoh USA, Inc.

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

1   employee, co-conspirator, alter-ego and/or joint venture of the other defendants, and in doing

2   the things alleged herein acted within the course and scope of such agency, employment, alter-

3   ego and/or in furtherance of the joint venture.

4       15.    At all times mentioned herein, the acts and omissions of each of the defendants

5   concurrently contributed to the various acts and omissions of each and every one of the other

6   defendants in proximately causing the wrongful conduct, harm, and damages alleged herein.

7   Each of the defendants approved of, condoned, and/or otherwise ratified each and every one of

8   the acts or omissions complained herein.  Each defendant and all Doe defendants were and are

9   acting with authority of each and every other defendant and are acting as agents of each and

10   every other defendant or Doe defendant.

11       16.    The true names and capacities, whether individual, corporate, subsidiary,

12   partnership, associate, or otherwise of Defendant Does 1 through 10, are unknown to Plaintiff,

13   who therefore sues these defendants by such fictitious names pursuant to Code of Civil

14   Procedure section 474.  Plaintiffs will amend his complaint to allege the true names and

15   capacities of Does 1 through 10 when they are ascertained.

16                          **FACTUAL ALLEGATIONS**

17       17.    Plaintiff was employed by Ricoh in a non-exempt capacity from approximately

18   May 2000 to November 2017. During this time, Plaintiff worked as a field service

19   representative until approximately 2008 when the field service representative position was

20   retitled to technology service technician. Plaintiff subsequently worked as a technology service

21   technician until he separated from Ricoh in approximately November 2017. During his

22   employment, Plaintiff worked at the Petaluma, California location and was paid an hourly

23   wage.

24       18.    Plaintiff asserts that Ricoh employs individuals as non-exempt service

25   technicians under titles including but not limited to field service representative and technology

26   service technician at its various locations throughout the state of California. Plaintiff is

27   informed and believes that Ricoh pays all service technicians an hourly wage.

28       19.    Plaintiff alleges, based on information and belief, that all of Ricoh's service

6

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE
RELIEF

1  technicians in the state of California are subject to the same and/or similar culture, policies,

2  practices, guidelines and/or procedures described herein.

3       20.    Plaintiff further alleges that he and other current or former service technicians in

4  the state of California have suffered, and continue to suffer, the same and/or similar violations

5  described herein.

6       21.    As a policy, practice, guideline and/or procedure, Ricoh regularly requires

7  service technicians to work more than eight hours per day and/or forty hours per week.

8       22.    As a culture, policy, practice, guideline and/or procedure, Ricoh prioritizes the

9  timely completion of jobs over all breaks.

10       23.    Plaintiff asserts that, as a policy, practice, guideline and/or procedure, Ricoh

11  instructs service technicians to clock out and continue working off the clock during meal

12  periods in order to complete a job in a timely manner. Furthermore, Plaintiff asserts that he and

13  other service technicians were threatened with disciplinary action including but not limited to

14  threats of termination if they did not work off the clock during meal periods.

15       24.    Plaintiff alleges that time worked off the clock in order to complete a job went

16  unconsidered in the determination of hours and/or overtime hours worked by service

17  technicians.

18       25.    As a policy, practice, guideline and/or procedure, Ricoh conducts performance-

19  based evaluations of service technicians using criteria set and designed by Ricoh to promote

20  maximum productivity. Ricoh has a further policy, practice, guideline and/or procedure of

21  numerically ranking service technicians against other service technicians in the area based on

22  their performance evaluations. These policies, practices, guidelines and/or procedures

23  incentivize and encourage the forgoing of meal and rest periods, as well as working off the

24  clock.

25       26.    Plaintiff further asserts that he and other service technicians were not provided

26  with the opportunity to take duty-free meal periods of thirty-minute duration. Instead, Plaintiff

27  alleges that he and other service technicians often worked through, or took short and/or late,

28  meal periods due to the instruction and pressure from Ricoh to prioritize completing jobs over

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

1  taking any and all breaks.

2      27.    Plaintiff also alleges, based on information and belief, that service technicians

3  were not given the opportunity to take a second duty-free meal period when they worked more

4  than ten hours in one shift for the same or similar reasons described herein.

5      28.    Additionally, Plaintiff asserts that service technicians regularly worked without

6  the opportunity to take an off-duty rest period. Ricoh did not have a policy, practice, guideline

7  and/or procedure for service technicians to report non-compliant meal or rest periods, nor was

8  there any way to notate non-compliant meal or rest periods in the timekeeping program.

9      29.    Ricoh failed to pay Plaintiff and other current or former service technicians the

10  legally required premium wage for non-compliant meal periods.

11      30.    Furthermore, Ricoh failed to pay Plaintiff and other current or former service

12  technicians the legally required premium wage for non-compliant rest periods.

13      31.    As a policy, practice, guideline and/or procedure, Ricoh requires service

14  technicians to wear a distinctive "service technician shirt" which features the Ricoh logo.

15  Plaintiff asserts that service technicians are required to purchase the distinctive shirts from a

16  company-endorsed vendor as well as personally maintain the distinctive shirts. It is not Ricoh's

17  policy or practice to reimburse service technicians for the cost of purchasing or maintaining the

18  distinctive shirts, which require special laundering due to the nature of the job, including but

19  not limited to the distinctive shirts being soiled with ink.

20      32.    As a policy, practice, guideline and/or procedure, Ricoh requires service

21  technicians to drive their personal vehicles to and from jobs. Plaintiff further asserts that Ricoh

22  fails to adequately reimburse service technicians for the work-related use of their personal

23  vehicles.

24      33.    Due to Ricoh's failure to properly compensate service technicians for all time

25  worked as well as its failure to pay entitled to meal and rest period premiums, Ricoh willfully

26  failed to timely pay wages owed to Plaintiff and other former service technicians who

27  separated from Ricoh during the statutory period.

28      34.    Due to Ricoh's policies, practices, guidelines and/or procedures described herein,

8

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

1  Ricoh failed to furnish accurate itemized wage statements to Plaintiff and other current or

2  former service technicians because the wage statements did not properly reflect the number of

3  hours worked and/or the applicable pay rates. Additionally, the wage statements furnished by

4  Ricoh to Plaintiff and other current or former service technicians did not accurately reflect the

5  gross and/or net wages earned by service technicians. Ricoh also failed to include pay period

6  information as well as the requisite employee and employer identification on the wage

7  statements furnished to service technicians such as Plaintiff.

8       35.    Because of Ricoh's policies, practices, guidelines and/or procedures described

9  herein, including the inaccurate recording of time worked, Ricoh also knowingly and

10  intentionally failed to maintain accurate employee and payroll records as required by

11  California law.

12       36.    On March 7, 2018, Plaintiff submitted notice to the California Labor and

13  Workforce Development Agency ("LWDA") and Ricoh informing them of Ricoh's alleged

14  Labor Code violations pursuant to the Private Attorneys General Act of 2004 ("PAGA"). A

15  true and correct copy of the notice is attached hereto as **Exhibit 1** and is incorporated herein by

16  this reference.

17       37.    To date, more than 65 days after the submission of the notice, the LWDA has not

18  provided notice of whether it intends to investigate the alleged violations. Therefore, Plaintiff

19  has the right to pursue his claims under PAGA in a representative capacity pursuant to Labor

20  Code § 2699.3. As such, Plaintiff now files this representative action pursuant to Labor Code

21  §§ 2698 *et seq.*

22       38.    Furthermore, Plaintiff believes that additional violations may be discovered and

23  therefore reserves his right to allege additional violations of the law as investigation and

24  discovery warrants.  In the event Plaintiff discovers additional violations through the discovery

25  process, Plaintiff will seek to amend the operative complaint as necessary.

26                          **CLASS DEFINITION**

27       39.    The proposed classes defined below consist of current or former non-exempt

28  service technicians employed by Ricoh in the state of California at any time during the period

9

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE
RELIEF

1  commencing on the date that is within four years prior to the filing of this Complaint through

2  the present date (hereinafter the "Class Period"). To the extent that equitable tolling operates to

3  toll the claims by the classes against Defendants, the Class Period should be adjusted

4  accordingly.

5      a.   All current or former non-exempt service technicians employed by

6           Defendants in the state of California who suffered violations of the Labor

7           Code, Business and Professions Code and/or the relevant California

8           Industrial Welfare Commission's ("IWC") Wage Orders during the Class

9           Period.

10     b.   All current or former non-exempt service technicians employed by

11          Defendants in the state of California who were not properly paid for all

12          hours worked in violation of California law during the Class Period.

13     c.   All current or former non-exempt service technicians employed by

14          Defendants in the state of California who were not provided with the

15          opportunity to take legally compliant meal periods or compensation in lieu

16          thereof in violation of California law during the Class Period.

17     d.   All current or former non-exempt service technicians employed by

18          Defendants in the state of California who were not authorized and

19          permitted to take legally compliant rest periods or compensation in lieu

20          thereof in violation of California law during the Class Period.

21     e.   All current or former non-exempt service technicians employed by

22          Defendants in the state of California who were not reimbursed for

23          necessary work expenses in violation of California law during the Class

24          Period.

25     f.   All former non-exempt service technicians employed by Defendants in the

26          state of California who were not paid all wages due upon separation or

27          termination of the employment relationship in violation of California law

28          during the Class Period.

g.   All current or former non-exempt service technicians employed by Defendants in the state of California who were not provided with accurate itemized wage statements in violation of California law during the Class Period.

h.   All current or former non-exempt service technicians employed by Defendants in the state of California whose information was not accurately recorded and/or maintained in violation of California law during the Class Period.

i.   All current or former non-exempt service technicians employed by Defendants in the state of California who were subject to Defendants' unlawful, unfair, and/or fraudulent business practices in violation of California law during the Class Period.

40.   Members of the class and/or classes are all "employees" as the term is used in the Labor Code and the IWC Wage Orders regulating wages, hours and working conditions in the state of California.

41.   A more precise definition of the class and/or classes may be determined after further investigation and discovery. Plaintiff reserves his right to redefine the class and/or classes at any time prior to the court's order on Plaintiffs' Motion for Class Certification as provided by law.

## CLASS ALLEGATIONS

42.   Plaintiff brings this action on behalf of himself, and on behalf of all persons within the defined class and/or classes included herein.

43.   This class action meets the statutory prerequisites for the maintenance of a class action, as set forth in the Code of Civil Procedure section 382 and Civil Code section 1781, in that:

a.   The persons who comprise the Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

11

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

b.  Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the Class and will apply uniformly to every member of the Class, and as a practical matter, be dispositive of the interests of the other members not party to the adjudication;

c.  The parties opposing the Class have acted or have refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or declaratory relief appropriate with respect to the Class as a whole; and

d.  Common questions of law and fact exist as to the members of the Class and predominate over any question affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

i.  The interests of Class members in individually controlling the prosecution or defense of separate actions;

ii.  The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

iii.  The desirability or undesirability of concentrating the litigation of the claims in this particular forum; and

iv.  The likely difficulties in the managing a class action.

44.  The Court should permit this action to be maintained as a class action pursuant to Code of Civil Procedure section 382 and Civil Code section 1781 because:

a.  Questions of law and fact common to the Class are substantially similar and predominate over any questions affecting only individual members;

b.  A class action is superior to any other available method for the fair and efficient adjudication of Class Members' claims;

c.  The members of the Class are so numerous that it is impractical to bring all Class Members before the Court;

12

d.     Plaintiff's claims are typical of the claims of the Class;

e.     Class Members will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

f.     There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties alleged, and in obtaining adequate compensation for the damages that Defendants' actions have inflicted upon the Class;

g.     Plaintiffs can fairly and adequately protect the interests of the Class;

h.     There is a community of interest in ensuring that the combined assets and available insurance of Defendants are sufficient to adequately compensate the members of the Class for the injuries sustained; and

i.     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(By Plaintiff Individually and on Behalf of the Class against Defendants and Does 1-10)**

**FAILURE TO PAY MINIMUM WAGES AND OVERTIME COMPENSATION**

**[Labor Code §§ 204, 210, 510, 1194, 1197, 1197.1, and 1198]**

45.     Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this Complaint.

46.     Labor Code § 204 establishes an employee's fundamental right in the state of California to be paid wages in a timely manner for their work.

47.     Labor Code § 1197 requires employers to pay its employees the minimum wage as fixed by the commission and further states that payment of wages lower than the fixed minimum is unlawful. Where an employer causes an employee to be paid a wage less than the fixed minimum, section 1197.1 requires the employer to pay a civil penalty.

48.     California law does not permit an employer to pay "less than the applicable

13

1  minimum wage for all hours worked in the payroll period, whether the remunerations is

2  measured by time, piece, commission, or otherwise." *Gonzalez v. Downtown LA Motors, LP*

3  (2013) 215 Cal.App.4th 36, 44.

4       49.   Labor Code § 1198 and IWC Order No. 4-2001 make it unlawful to employ

5  persons for more than eight hours per day or forty hours per workweek without compensating

6  them at the rate of pay either time and one half or two times that person's regular rate of pay

7  depending on the number of hours worked.

8       50.   Codifying the right to overtime compensation, Labor Code § 510(a) provides:

> Eight hours of labor constitutes a day's work.  <u>Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek</u> and the first eight hours worked on the seventh day of work in any one workweek <u>shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.</u>  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. (Emphasis added.)

15       51.   An employee may not waive his or her right to overtime compensation and any

16  agreement by the employee to accept less than the statutorily required rate is unenforceable as

17  a matter of law. *Early v. Superior Court* (2000) 79 Cal.App.4th 1420, 1430.

18       52.   Section 1194(a) of the Labor Code states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

23       53.   Labor Code § 558(a) further provides:

> Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
>
> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount

14

sufficient to recover unpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

54.     As a policy, practice, guideline and/or procedure, Ricoh regularly requires service technicians to work more than eight hours per shift and/or more than forty hours per workweek.

55.     Ricoh, as a culture, policy, practice, guideline and/or procedure, prioritizes the timely completion of jobs over all breaks.

56.     As a policy, practice, guideline and/or procedure, Ricoh conducts performance-based evaluations of service technicians using criteria set and designed by Ricoh to promote maximum productivity. Ricoh has a further policy, practice, guideline and/or procedure of numerically ranking service technicians against other service technicians in the area based on their performance evaluations. These policies, practices, guidelines and/or procedures incentivize and encourage working off the clock.

57.     Ricoh also has a policy, practice, guideline and/or procedure of instructing service technicians to work off the clock during meal periods in order to complete a job.

58.     As a result, Ricoh knowingly fails to accurately and properly record all time worked by service technicians. Consequently, Ricoh fails to compensate service technicians for all time worked at the appropriate rates required by California law. This is especially true as time worked off the clock is not recorded and thus not considered in determining whether an individual service technician worked more than eight hours in one shift and/or forty hours in one workweek for overtime pay purposes.

59.     By virtue of Ricoh's unlawful failure to compensate Plaintiff and all other service technicians for their time worked, current or former service technicians have and will continue to suffer damages in amounts which are presently unknown, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

15

60.     Having received less than the legal minimum wage and/or applicable rate of overtime compensation, Plaintiff and other service technicians are entitled to and now seek to recover all wages and penalties owed, including penalties available under Labor Code §§ 210 and 558, as well as interest, reasonable attorneys' fees and costs pursuant to Labor Code §§ 218.5 and 1194.

61.     Plaintiff and other current or former service technicians are entitled to, and seek to, recover liquidated damages as provided under Labor Code §§ 1194.2 and 1197.1.

62.     Plaintiff, on behalf of himself and all other current or former service technicians, requests further relief as described in the below prayer.

## SECOND CAUSE OF ACTION

**(By Plaintiff Individually and on Behalf of the Class against Defendants and Does 1-10)**

## FAILURE TO PROVIDE LEGALLY COMPLIANT MEAL PERIODS OR

## COMPENSATION IN LIEU THEREOF

**[Labor Code §§ 226.7 and 512]**

63.     Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this Complaint.

64.     Section 512(a) of the Labor Code provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived. (Emphasis added.)

65.     Labor Code § 226.7(c) states:

> If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of

**COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF**

Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

66.   Pursuant to IWC Order No. 4-2001, item 11:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

67.   A meal period generally comports with the requirements under California law if the employee (1) has at least 30 minutes uninterrupted, (2) is free to leave the premises, and (3) is relieved of all duty for the entire period. *See Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1036 [citing DLSE Opn. Letter No. 1996.07.12 (July 12, 1996) p.1]. Additionally, "an employer may not undermine formal policy of providing meal breaks by pressuring employees to perform their duties in ways that omit breaks." *Id.* at 1040 (citations omitted).

68.   At all relevant times, Plaintiff and other current or former service technicians worked at least eight hours per workday.

69.   Ricoh, as a culture, policy, practice, guideline and/or procedure prioritizes the timely completion of jobs over all breaks.

70.   Plaintiff alleges that it is Ricoh's culture, policy, practice, guideline and/or procedure to instruct and coerce service technicians to clock out and continue working through meal periods in order to complete a job. Plaintiff further alleges that managers and/or supervisors threatened him and other service technicians to work off the clock during meal

17

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

1   periods in order to complete a job or face disciplinary action such as termination.

2       71.    Additionally, Ricoh has a policy, practice, guideline and/or procedure of

3   evaluating service technicians' performance by use of criteria set by Ricoh to promote

4   maximum productivity. It is also Ricoh's policy, practice, guideline and/or procedure to

5   numerically rank service technicians against the other service technicians in the area based on

6   performance thereby creating a culture that actively encourages non-compliant meal periods.

7       72.    Plaintiff also alleges that he and other service technicians were not given the

8   opportunity to take a second duty-free meal period when they worked more than ten hours in

9   one day.

10      73.    Plaintiff believes that Ricoh knew or should have known that its service

11  technicians were not provided with legally compliant meal periods.

12      74.    Ricoh failed to pay the premium wage required by California law to Plaintiff and

13  other service technicians for noncompliant meal periods.

14      75.    Ricoh's unlawful conduct caused Plaintiff and other current or former service

15  technicians to suffer, and they will continue to suffer, damages in an amount which is presently

16  unknown, but which exceeds the jurisdictional limits of this Court and which will be

17  ascertained according to proof at trial.

18      76.    Pursuant to Labor Code § 226.7(c) and the relevant IWC Order No. 4-2001, item

19  11(D), Plaintiff and other current or former service technicians are entitled to, and seek to,

20  recover the full amount of unpaid premium wages for noncompliant meal periods.

21      77.    Pursuant to Labor Code § 218.6, Plaintiffs and other current or former service

22  technicians are entitled to, and seek to, recover prejudgment interest on the amount of premium

23  wages owed.

24      78.    Plaintiffs and other current or former service technicians are entitled to, and seek

25  to, recover reasonable attorneys' fees as permitted by Labor Code § 218.5.

26      79.    Plaintiff, on behalf of himself and all other current or former service technicians,

27  requests further relief as described in the below prayer.

28  ///

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE
RELIEF

# THIRD CAUSE OF ACTION

## (By Plaintiff Individually and on Behalf of the Class against Defendants and Does 1-10)

## FAILURE TO PROVIDE LEGALLY COMPLIANT REST PERIODS OR

## COMPENSATION IN LIEU THEREOF

### [Labor Code § 226.7]

80.   Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this Complaint.

81.   In pertinent part, Labor Code § 226.7 states:

> (b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and health.

> (c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Divisor of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for workday that the meal or rest or recovery period is not provided.

82.   IWC Order No. 4-2001, item 12 provides:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  <u>The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes of net rest time per four (4) hours or major fraction thereof.</u>  However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

> (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided. (Emphasis added.)

83.   During rest periods, employers must relinquish control over their employees and relieve their employees of all duties. *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th

19

1 | 257, 273.

2 | 84.    At all relevant times, Plaintiff and other current or former service technicians
3 | worked at least eight hours per workday.

4 | 85.    Ricoh, as described herein, has a culture, policy, practice, guideline and/or
5 | procedure of prioritizing the timely completion of jobs over all breaks.

6 | 86.    Plaintiff also alleges that as a policy, practice, guideline and/or procedure, Ricoh
7 | fails to authorize and permit service technicians to take lawful rest periods. Instead, due to the
8 | workload set by Ricoh as well as Ricoh's culture, policy, practice, guideline and/or procedure
9 | of pressuring service technicians to complete jobs quickly, service technicians regularly work
10 | without the opportunity to take an off-duty rest period.

11 | 87.    Additionally, as described herein, it is Ricoh's policy, practice, guideline and/or
12 | procedure to evaluate the performance of service technicians using criteria set by Ricoh
13 | designed to promote maximum productivity. Ricoh also has a policy, practice, guideline and/or
14 | procedure, as described herein, of numerically ranking service technicians against the other
15 | service technicians in the area. These policies, practices, guidelines and/or procedures thus
16 | serve as incentives for service technicians to forgo rest periods and further encourage the
17 | skipping of rest periods.

18 | 88.    Plaintiff believes that Ricoh knew or should have known that its service
19 | technicians were not provided with legally compliant rest periods.

20 | 89.    Ricoh failed to pay Plaintiff and other current or former service technicians the
21 | premium wage required by California law for noncompliant rest periods.

22 | 90.    Due to Ricoh's unlawful conduct, Plaintiff and other current or former service
23 | technicians have and will continue to suffer damages in an amount which is presently
24 | unknown, but which exceeds the jurisdictional limits of this Court and which will be
25 | ascertained according to proof at trial.

26 | 91.    According to Labor Code §§ 226.7(c), 558 and IWC Order No. 4-2001, item
27 | 12(B), Plaintiff and other current or former service technicians are entitled to, and seek to,
28 | recover the full amount of unpaid premium wages for noncompliant rest periods.

20

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE
RELIEF

92.   Pursuant to Labor Code § 218.6, Plaintiff and other current or former service technicians are entitled to, and seek to, recover prejudgment interest on the amount of premium wages owed.

93.   Plaintiff and other current or former service technicians are entitled to, and seek to, recover reasonable attorneys' fees and costs pursuant to Labor Code § 218.5.

94.   Plaintiff, on behalf of himself and all other current or former service technicians, requests further relief as described in the below prayer.

## FOURTH CAUSE OF ACTION

**(By Plaintiff Individually and on Behalf of the Class against Defendants and Does 1-10)**

### FAILURE TO REIMBURSE FOR NECESSARY WORK EXPENSES

**[Labor Code §§ 2800 and 2802]**

95.   Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this Complaint.

96.   Labor Code § 2800 requires employers in all cases to indemnify employee losses caused by the employer's want of ordinary care.

97.   In pertinent part, Labor Code § 2802 provides:

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties...

> (c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

98.   According to IWC Order No. 4-2001, item 9(A), when an employer requires uniforms to be worn by non-exempt employees, the employer shall provide and maintain such uniforms. IWC Order No. 4-2001, item 9(A) further defines "uniform" to include apparel of distinct design or color.

99.   Plaintiff asserts that Ricoh, as a policy, practice, guideline and/or procedure requires its service technicians to wear a distinctive Ricoh shirt as a condition of their employment.

21

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

1    100.    Plaintiff further asserts that as a policy, practice and/or procedure, Ricoh neither

2  provides nor maintains the distinctive shirts it requires service technicians to wear. Instead,

3  Ricoh requires service technicians to purchase and wear shirts known as "service technician

4  shirts," which feature the Ricoh logo, from a company-endorsed vendor. Due to the nature of

5  the job, the "service technician shirts" require special laundering, such as dry cleaning, because

6  regular laundering services would not adequately remove stains caused by ink, chemicals and

7  other substances. Plaintiff asserts that Ricoh does not reimburse service technicians for the cost

8  of purchasing or maintaining the distinctive "service technician shirts" in violation of

9  California law.

10    101.   Additionally, Plaintiff asserts that it is Ricoh's policy, practice, guideline and/or

11  procedure to require service technicians to drive their personal vehicles to and from job sites

12  without adequate reimbursement for expenses related to the use of their personal vehicles for

13  work-related purposes. Ricoh thus failed to reimburse Plaintiff and other service technicians

14  for necessary work expenses in violation of California law.

15    102.    Plaintiff and other current or former service technicians are entitled to and seek

16  reimbursement of their necessary expenditures, plus interest, including reasonable attorneys'

17  fees and costs pursuant to Labor Code §§ 2800 and 2802.

18    103.    Plaintiff and other current or former service technicians are entitled to, and seek

19  to, recover reasonable attorneys' fees and costs pursuant to Labor Code § 218.5.

20    104.    Plaintiff, on behalf of himself and all other current or former service technicians,

21  requests further relief as described in the below prayer.

22                            **FIFTH CAUSE OF ACTION**

23  **(By Plaintiff Individually and on Behalf of the Class against Defendants and Does 1-10)**

24                          **FAILURE TO PAY WAGES OWED**

25                             **[Labor Code §§ 201-203]**

26    105.    Plaintiff realleges and incorporates by this reference, as though fully set forth

27  herein, all paragraphs of this Complaint.

28    106.    Labor Code § 200(a) defines "wages" to include "all amounts for labor

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE
RELIEF

performed by employees...whether the amount is fixed or ascertained by the standard of time...commission basis, or other method of calculation." The term "labor" is further defined in subsection (b) to include "labor, work, or service whether rendered or performed under contract, subcontract, partnership...or other agreement if the labor...is performed personally by the person demanding payment."

107.    Pursuant to Labor Code § 201(a), "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

108.    According to Labor Code § 202(a):

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.   Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of mailing shall constitute the date of payment for purposes of the requirement to provide payment with 72 hours of the notice of quitting.

109.    In pertinent part, Labor Code § 203(a) further provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action thereof is commenced; but the wages shall not continue for more than 30 days.

110.    As described herein, Ricoh knowingly failed to properly compensate its service technicians for all time worked as well as for non-compliant meal and rest periods. As a result, Ricoh willfully failed to timely pay wages owed to Plaintiff and other former service technicians who are no longer employed by Ricoh in violation of Labor Code §§ 201 and 202.

111.    As a consequence of Ricoh's willful and deliberate refusal to render such wages, Plaintiff and other affected service technicians are entitled to, and thus seek, a maximum of 30 days' wages at their daily rate of pay as a waiting time penalty. *See* Labor Code § 203.

112.    Plaintiff and other current or former service technicians are entitled to, and seek to, recover reasonable attorneys' fees and costs pursuant to Labor Code § 218.5.

113.    Plaintiff, on behalf of himself and all other current or former service technicians, requests further relief as described in the below prayer.

## SIXTH CAUSE OF ACTION

**(By Plaintiff Individually and on Behalf of the Class against Defendants and Does 1-10)**

## FAILURE TO FURNISH ACCURATE WAGE STATEMENTS

**[Labor Code §§ 226 and 226.3]**

114.    Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this Complaint.

115.    Labor Code § 226 states in pertinent part:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee... (4) all deductions... (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid... (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number...(8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each period and the corresponding number of hours worked at each hourly rate by the employee..."

116.    Labor Code § 226(e)(1) further provides:

> An employee suffering injury as a result of knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

117.    According to Labor Code § 266(h), "an employee may also bring an action for injunctive relief to ensure compliance with this section and is entitled to an award of costs and reasonable attorneys' fees."

118.    An injury occurs where the employer fails to provide accurate information and the employee cannot "promptly and easily determine" the total number of hours worked or the

24

1   "applicable hourly rates in effect during the pay period and the corresponding number of hours

2   worked at each hourly rate." Labor Code § 226(a)(9)-(e)(2)(B)(i).

3        119.   Labor Code § 226(e)(2)(c) explains that the phrase "promptly and easily

4   determine" means that "a reasonable person would be able to readily ascertain the information

5   without reference to documents or information."

6        120.   Ricoh's policy, practice, guideline and/or procedure of inadequately

7   compensating service technicians for all time worked as well as Ricoh's failure to pay entitled

8   to premium wages to service technicians, as described herein, resulted in Ricoh furnishing

9   inaccurate wage statements to its service technicians that did not properly itemize and reflect

10   gross and/or net wages earned.

11        121.   Additionally, pursuant to Ricoh's policy, practice, guideline and/or procedure of

12   not permitting service technicians to record their actual time worked, the total hours worked

13   and the applicable pay rates are inaccurately listed on the wage statements. As described

14   herein, Ricoh instructed and coerced service technicians to work off the clock during meal

15   periods. Ricoh also failed to properly itemize the total hours worked and the applicable rates of

16   pay on its service technician's wage statements. Moreover, pay period information and the

17   required employee and employer identification information were not properly included on each

18   wage statement.

19        122.   As a result of Ricoh's failure to provide complete, accurate and itemized wage

20   statements in violation of Labor Code § 226, Plaintiff and other current or former service

21   technicians were unable to readily ascertain from their wage statements whether they were

22   properly compensated. Therefore, pursuant to California law, Plaintiff and other current or

23   former service technicians are deemed to have suffered injury resulting from Ricoh's knowing

24   and intentional failure to furnish accurate itemized wage statements.

25        123.   According to Labor Code § 226(e), Plaintiff and other current or former service

26   technicians are entitled to, and seek to recover, liquidated damages in the amount of $50.00 for

27   the initial violation and $100.00 for each subsequent violation per employee, not to exceed

28   $4,000.00.

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE
RELIEF

124.    Additionally, pursuant to Labor Code § 226.3, Plaintiff and other current or former service technicians are entitled to, and seek to recover, a civil penalty in the amount of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation, for violations of Labor Code § 226(a).

125.    Furthermore, pursuant to Labor Code § 226(h), Plaintiff and other current or former service technicians are entitled to, and therefore seek, injunctive relief in order to ensure that Ricoh complies with Labor Code § 266.

126.    Plaintiff and other current or former service technicians are further entitled to, and seek to recover, attorneys' fees and costs as provided under Labor Code §§ 218.5 and 266(h).

127.    Plaintiff, on behalf of himself and all other current or former service technicians, requests further relief as described in the below prayer.

## SEVENTH CAUSE OF ACTION

**(By Plaintiff Individually and on Behalf of the Class against Defendants and Does 1-10)**

### FAILURE TO MAINTAIN ACCURATE RECORDS

**[Labor Code §§ 226, 226.3 and 1174]**

128.    Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this Complaint.

129.    In pertinent part Labor Code § 226(a) states "a copy of the [wage] statement and the record of deductions shall be kept on file by the employer for at least three years..."

130.    According to Labor Code § 1174(d):

"[e]very person employing labor in this state shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by commission, but in case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

131.    Plaintiff alleges that Ricoh, as described herein, has a policy, practice, guideline

26

1  and/or procedure of intentionally and willfully failing to maintain accurate payroll records that

2  properly show the total number of hours worked as well as the wages paid each day to Plaintiff

3  and other service technicians, including the failure to record and compensate for time worked

4  off the clock during meal periods, because Ricoh instructed service technicians to work off the

5  clock in order to complete a job.

6      132.   Plaintiff and other current or former service technicians have suffered, and

7  continue to suffer, injuries and damages as a consequence of Ricoh's deliberate failure to

8  maintain accurate records as required by the Labor Code. More specifically, Plaintiff and other

9  service technicians were denied their legal right and protected interest in having accurate and

10  complete payroll records available to them.

11      133.   Plaintiff and other current or former service technicians are thus entitled to, and

12  seek damages as outlined in Labor Code § 226.7(e)(1).

13      134.   Plaintiff and other current or former service technicians are entitled to, and seek

14  to, recover reasonable attorneys' fees and costs pursuant to Labor Code § 218.5.

15      135.   Plaintiff, on behalf of himself and all other current or former service technicians,

16  requests further relief as described in the below prayer.

17                    **EIGHTH CAUSE OF ACTION**

18  **(By Plaintiff Individually and on Behalf of the Class against Defendants and Does 1-10)**

19                    **UNFAIR BUSINESS PRACTICES**

20                  **[Bus. & Prof. Code §§ 17200 *et seq.*]**

21      136.   Plaintiff realleges and incorporates by this reference, as though fully set forth

22  herein, all paragraphs of this Complaint.

23      137.   As codified in Bus & Prof. Code §§ 17200 *et seq.*, California's Unfair

24  Competition Law ("UCL") broadly prohibits "any unlawful, unfair or fraudulent business act

25  or practice."

26      138.   A cause of action may be brought under the UCL if a practice violates some

27  other law. The "unlawful" prong of the UCL effectively deems a violation of the underlying

28  law a per se violation of Bus. & Prof. Code §§ 17200. *Cel-Tech Commc'ns, Inc. v. Los Angeles*

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE
RELIEF

1  *Cellular Tel. Co.* (1999) 20 Cal.4th 163, 180. Virtually any law or regulation – federal or state,

2  statutory, or common law – can serve as a predicate for a § 17200 "unlawful" violation.

3  *Farmers Ins. Exch. v. Superior Court* (1992) 2 Cal.4th 377, 383.

4      139.   The "unfair" prong of the UCL does not require a practice to be specifically

5  proscribed by any law. *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 20 Cal.4th 1134,

6  1143 [internal citations omitted]. Pursuant to the California Supreme Court, the "unfair

7  standard" is intentionally broad to give maximum discretion to courts in prohibiting new

8  schemes to defraud. *Cel-Tech Commc'ns, Inc.*, 20 Cal.4th at 180-81.

9      140.   Under the UCL, a "fraudulent" business act or practice is one where "members

10  of the public are likely to be deceived." *Blakemore v. Superior Court* (2005) 129 Cal.App.4th

11  36, 49. A showing of actual deception, reasonable reliance, or damages is not required. Id. The

12  fraudulent prong may be used to attack the deceptive manner in which otherwise lawful

13  contract terms are presented to an individual. *Boschma v. Home Loan Ctr., Inc.* (2011) 198

14  Cal.App.4th 230, 253. As such, even a true statement may be unlawful under section 17200 if

15  it is "couched in such a manner that is likely to mislead or deceive..., such as by failing to

16  disclose other relevant information." *Id.*

17      141.   Plaintiff is informed and believes, and based thereon alleges, that at all times

18  herein Ricoh has engaged in unlawful, deceptive and unfair business practices, as proscribed

19  by the UCL, including those policies and practices discussed herein, which have deprived

20  Plaintiff and other service technicians of the minimum working condition standards and

21  conditions due to them under California law and the applicable IWC Wage Orders.

Unlawful

23      142.   As described herein, Ricoh failed to properly compensate service technicians for

24  all time worked. Failing to compensate employees for all time worked is a clear violation of

25  California law, and thus a per se violation of the UCL. *Cel-Tech Commc'ns, Inc.*, 20 Cal.4th at

26  180. Additionally, Ricoh's failure to pay legally entitled to premium wages to service

27  technicians for noncompliant meal and rest periods is a violation of California law. Ricoh's

28  failure to promptly pay wages due upon separation or termination of the employment

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE<br>RELIEF

1  relationship also violates California law. Furthermore, fails to reimburse its service technicians

2  for necessary business expenses in violation of California law. Moreover, Ricoh's failure to

3  provide employees with accurate itemized wage statements and failure to maintain accurate

4  records are violations of California law. As such, Ricoh has clearly engaged in unlawful

5  business practices pursuant to Bus. & Prof. Code §§ 17200 *et seq.*

6                                                    Unfair

7        143.   Ricoh's practice of not permitting service technicians to accurately record work

8  and instructing service technicians to work off the clock is inherently unfair because Ricoh

9  knowingly prevents service technicians from receiving adequate compensation for all time

10 worked in violation of California's policy of prompt payment of wages.

11       144.   Ricoh also violates the unfair prong of the UCL by failing to pay premium wages

12 to service technicians for noncompliant meal and rest periods.

13       145.   Ricoh's failure to reimburse service technicians for the cost and maintenance of

14 "service technician shirts" constitutes an unfair practice as Ricoh requires service technicians

15 to wear a "service technicians shirt" as a condition of their employment. Similarly, Ricoh's

16 failure to adequately reimburse service technicians for the cost of their personal vehicles for

17 work-related purposes is an unfair business practice because Ricoh requires service technicians

18 to drive their personal vehicle to and from job sites.

19       146.   Ricoh's practices of failing to promptly pay wages owed and providing

20 inaccurate wage statements also constitute unfair business practices because such practices are

21 both unethical and contrary to the Labor Code.

22                                                  Fraudulent

23       147.   Ricoh's practice of providing Plaintiff and other service technicians with

24 inaccurate wage statements constitutes a fraudulent business practice under the UCL as

25 Plaintiff and other service technicians are likely to be, and actually are deceived as to whether

26 they were paid for all time worked.

27       148.   Ricoh's practice of failing to maintain accurate records also constitutes a

28 fraudulent business practice as the inaccuracies intentionally mislead service technicians as to

                                                      29

1 their total hours worked and wages earned.

2      149.    As a direct and proximate result of Ricoh's unlawful, unfair and fraudulent

3 business practices, Plaintiff and other current or former service technicians have suffered

4 injury-in-fact as they have lost wages rightfully owed to them.

5      150.    Through their unlawful, unfair and fraudulent conduct, Ricoh has been unjustly

6 enriched by receiving and continuing to receive benefits and profits at the expense of its

7 service technicians. Pursuant to Bus. & Prof. Code §§ 17200 *et seq.*, Ricoh should thus be

8 enjoined from this activity and made to disgorge all ill-gotten gains and restore Plaintiff and

9 other current or former service technicians the wages wrongfully withheld from them.

10      151.    Moreover, the unlawful, unfair and fraudulent conduct alleged herein has

11 continued, and there is no indication that Ricoh will refrain from such activity in the future

12 especially as Ricoh knowingly requires its service technicians to work off the clock without

13 adequate compensation. Plaintiff believes and alleges that if Ricoh is not enjoined from the

14 conduct described herein, it will continue to violate California law at the expense of its service

15 technicians. Accordingly, Plaintiff requests that the court issue a preliminary and permanent

16 injunction against Ricoh.

17      152.    Plaintiff and other current or former service technicians are entitled to, and seek

18 to, recover reasonable attorneys' fees as provided by Code of Civil Procedure § 1021.5.

19      153.    Plaintiff, on behalf of himself and all other current or former service technicians,

20 requests further relief as described in the below prayer.

21                          **NINTH CAUSE OF ACTION**

22      **(By Plaintiff in his Representative Capacity against Defendants and Does 1-10)**

23              **PRIVATE ATTORNEY GENERAL ACT OF 2007**

24                          **[Labor Code §§ 2698 *et seq.*]**

25      154.    Plaintiff realleges and incorporates by this reference, as though fully set forth

26 herein, all paragraphs of this Complaint.

27      155.    Pursuant to PAGA, any provision of the Labor Code allowing for a civil penalty

28 to be assessed and collected by the LWDA, or any of its departments, divisions, commissions,

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE
RELIEF

1  boards, agencies, or employees, for a California Labor Code violation, may be recovered

2  through a civil action brought by an aggrieved employee on behalf of himself or herself, and

3  other current or former employees. Such civil penalties are in addition to any other relief

4  provided for under the Labor Code and must be allocated seventy-five percent (75%) to the

5  LWDA and twenty-five percent (25%) to the aggrieved employees pursuant to § 2699(i).

6      156.  Ricoh employed Plaintiff and each of the current or former employees he

7  represents in the state of California during all, or a portion of, the one-year period before

8  Plaintiff filed his notice with the LWDA.

9      157.  Plaintiff is an "aggrieved employees" under PAGA, as he was employed by

10  Ricoh within the past year and suffered one or more violations of the Labor Code.

11     158.  Plaintiff has complied with the notice requirements outlined in Labor Code §

12  2699.3. On March 7, 2018, Plaintiff submitted notice to the LWDA and Defendants informing

13  them of Ricoh's alleged Labor Code violations pursuant to PAGA. *See* Exhibit 1. The LWDA

14  had 65 days to provide notice of whether it intended to investigate the alleged violations. To

15  date, the LWDA has not provided notice of whether it intends to investigate the alleged

16  violations. Plaintiff thus has the right to pursue, and does pursue, his claims under PAGA in a

17  representative capacity pursuant to Labor Code § 2699.3.

18     159.  As set forth herein, Ricoh has committed, and continues to commit, numerous

19  violations for which the Labor Code entitles Plaintiff, in his representative capacity, to recover,

20  on behalf of himself and all other current or former service technicians and the general public,

21  attorneys' fees and costs, as well as statutory penalties against Ricoh for the alleged Labor

22  Code violations, described herein.

23     160.  Plaintiff, in his representative capacity, seeks to recover civil penalties for his

24  PAGA claim through a representative action based on violations of the following Labor Code

25  provisions:

26          a.   Failure to pay minimum wages and overtime compensation in violation

27               of Labor Code §§ 204, 210, 510, 1194, 1197, 1197.1, and 1198;

28          b.   Failure to provide legally compliant meal periods or compensation in

31

1    lieu thereof in violation of Labor Code §§ 226.7, 512 and relevant

2    IWC Wage Orders;

3    c.    Failure to provide legally compliant rest periods or compensation in

4          lieu thereof in violation of Labor Code § 226.7 and relevant IWC

5          Wage Orders;

6    d.    Failure to reimburse for necessary work expenses in violation of Labor

7          Code §§ 2800 and 2802 and relevant IWC Wage Orders;

8    e.    Failure to pay wages owed in violation of Labor Code §§ 201 – 203;

9    f.    Failure to furnish accurate itemized wage statements in violation of

10         Labor Code § 226;

11   g.    Failure to maintain accurate records in violation of Labor Code §§

12         226(a) and 1174;

13   161.   For violations of Labor Code §§ 510 and 512, in addition to any other recovery

14   provided by law, Labor Code § 558 imposes a civil penalty of $50 per pay period for each

15   underpaid employee for the initial violation and $100 per pay period for each underpaid

16   employee for each subsequent violation of any section of Labor Code Division 2, Part 2,

17   Chapter 1, or any provision regulating hours and days of work in any order of the IWC. Labor

18   Code § 558 also requires that any recovery of wages be paid to the affected employee.

19   Therefore, Plaintiff, and other current or former service technicians are entitled to and do seek

20   such civil penalties.

21   162.   Labor Code § 1197.1 subjects any employer or person to a civil penalty of $100

22   any initial violations for each under underpaid employee and $250 for each underpaid

23   employees for each subsequent violation, restitution of wages and liquidated damages payable

24   to the employee and any applicable penalties imposed by section 203 for paying or causing to

25   pay an employee less than minimum wage imposed by law.

26   163.   Labor Code § 226.3 imposes a civil penalty of $250 per employee per violation

27   in an initial citation and $1,000 per employee for each violation in a subsequent citation for

28   violations of Labor Code § 226(a).  Therefore, Plaintiff and other current or former service

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE
RELIEF

1  technicians are entitled to and do seek the described civil penalty.

2       164.   Labor Code § 2699(f) imposes a civil penalty of $100 per pay period, per

3  employee for the initial violation, and $200 per pay period, per employee for each subsequent

4  violation for all Labor Code provisions for which a civil penalty is not specifically provided,

5  including Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1197.1,

6  1198, 2800, 2802, and relevant IWC Wage Orders. Plaintiff and other current or former

7  technicians are entitled to, and therefore seek, the above-described civil penalty.

8       165.   Lastly, Labor Code § 2699(g)(1) provides that an employee who prevails in a

9  civil action brought pursuant to PAGA shall be entitled to an award of reasonable attorneys'

10  fees and costs. As such, Plaintiff is entitled to, and therefore seeks, attorneys' fees and costs.

11       166.   Plaintiff, in his representative capacity, requests further relief as described in the

12  below prayer.

13                   **PRAYER FOR RELIEF**

14      Plaintiff prays for judgment against Defendants and in favor of the Class and

15  Representative Action as follows:

16        1.   For an order determining that this action may be maintained as a class

17           action with the named Plaintiff as the class representatives;

18        2.   For the attorneys appearing on the above caption to be named class

19           counsel;

20        3.   For an order determining that this action may be maintained as a

21           representative action with the named Plaintiff as the representative;

22        4.   For all wages and benefits due to Plaintiff and other current or former

23           service technicians of Defendants pursuant to California law;

24        5.   For all minimum wages and overtime compensation owed pursuant to

25           Labor Code §§ 510, 1194, 1197.1, and/or other applicable law;

26        6.   For premium wages pursuant to Labor Code § 226.7, and/or other

27           applicable law;

28        7.   For unreimbursed business expenses pursuant to Labor Code §§ 2800

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

1    and 2802, and/or other applicable law;

2    8.   For waiting time penalties pursuant to Labor Code § 203, and/or other
3         applicable law;

4    9.   For damages, pursuant to Labor Code § 226, and/or other applicable
5         law;

6    10.  For all liquidated damages, pursuant to Labor Code §§ 226(e),
7         1194.4(a), 1197.1, and/or other applicable law;

8    11.  For civil penalties, pursuant to Labor Code §§ 210, 558, 1197.1, and/or
9         other applicable law;

10   12.  For PAGA civil penalties pursuant to Labor Code §§ 2698 *et seq.*,
11        and/or other applicable law;

12   13.  For injunctive relief, pursuant to Labor Code § 226(h) and Bus. & Prof.
13        Code § 17203, and/or other applicable law;

14   14.  For restitution for Defendants' unfair, unlawful, and fraudulent business
15        practices as provided by California law;

16   15.  For reasonable attorneys' fees and costs of suit pursuant to Labor Code
17        §§ 218.5, 266(h), 226(e)(1), 226(h),1194, 2802, 2699(g), Code of Civil
18        Procedure § 1021.5, and/or other applicable law;

19   16.  For pre-judgment and post-judgment interest as provided by California
20        law;

21   17.  For appropriate equitable relief pursuant to California law; and

22   18.  For all other relief the Court may deem just and proper.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE
RELIEF

1  Dated: May 17, 2018                  **CLARK LAW GROUP**

2

3                                By:  _Paige D Chretien_

4                                     R. Craig Clark
                                      Monique R. Rodriguez
5                                     Paige D. Chretien
                                      *Attorneys for Plaintiff*
6

7                            **<u>DEMAND FOR JURY TRIAL</u>**

8           Plaintiff hereby demands a jury trial on all issues triable to a jury.

9

10 Dated: May 17, 2018                  **CLARK LAW GROUP**

11

12                               By:  _Paige D Chretien_

13                                    R. Craig Clark
                                      Monique R. Rodriguez
14                                    Paige D. Chretien
                                      *Attorneys for Plaintiff*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE
RELIEF

# Service of Process Transmittal
05/24/2018
CT Log Number 533401198

**TO:**     Kimberly Corbin
            Ricoh USA, Inc.
            70 Valley Stream Pkwy
            Malvern, PA 19355-1407

**RE:**     **Process Served in California**

**FOR:**    IKON Office Solutions, Inc.  (Former Name)  (Domestic State: OH)
            Ricoh USA, Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Augusto De Leon, etc., Pltf. vs. Ricoh USA, Inc., et al., Dfts. // TO: IKON Office Solutions, Inc., etc. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Sonoma County - Superior Court, CA<br>Case # SCV262516 |
| **NATURE OF ACTION:** | Employee Litigation - Complaint for damages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/24/2018 at 12:31 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 Calendar days after this Summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | R. Craig Clark<br>Clark Law Group<br>205 West Date Street<br>San Diego, CA 92101<br>619-239-1321 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/25/2018, Expected Purge Date: 05/30/2018<br><br>Image SOP<br><br>Email Notification,  Jennifer McGlinn  Jen.McGlinn@ricoh-usa.com<br><br>Email Notification,  Kimberly Corbin  kimberly.corbin@ricoh-usa.com<br><br>Email Notification,  Cassandra Thomas  cassandra.thomas@ricoh-usa.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# *Exhibit B*

# *Exhibit B*

1   SEYFARTH SHAW LLP
    John Giovannone (SBN 239366)
2   E-mail: jgiovannone@seyfarth.com
    Amanda I. Fry (SBN 317093)
3   E-mail: afry@seyfarth.com
    601 S. Figueroa Street, Suite 3300
4   Los Angeles, California 90017
    Telephone:   (213) 270-9600
5   Facsimile:   (213) 270-9601

6   SEYFARTH SHAW LLP
    Ryan McCoy (SBN 276026)
7   E-mail: rmccoy@seyfarth.com
    560 Mission Street, 31st Floor
8   San Francisco, California 94105-2930
    Telephone:   (415) 397-2823
9   Facsimile:   (415) 397-8549

10  Attorneys for Defendants
    RICOH USA, INC.; IKON OFFICE SOLUTIONS, INC.;
11  and RICOH AMERICAS CORPORATION

12

13

14              SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                        COUNTY OF SONOMA

16

17  AUGUSTO DE LEON, as an individual, on behalf       Case No. SCV 262516
    of himself, and all persons similarly situated,
18                                                      **DEFENDANTS' ANSWER TO PLAINTIFF**
                       Plaintiff,                       **AUGUSTO DE LEON'S COMPLAINT**
19
            v.                                          Complaint Filed:  May 22, 2018
20
    RICOH USA, INC., an Ohio corporation
21  authorized to do business in the state of California;
    IKON OFFICE SOLUTIONS, INC., also known
22  as Ricoh USA, Inc., an Ohio corporation
    authorized to do business in the state of California;
23  RICOH AMERICAS CORPORATION, a
    Delaware corporation previously authorized to do
24  business in the state of California and succeeded
    by Ricoh USA, Inc.; and DOES 1 to 10 inclusive,
25
                       Defendants.
26

27

28

ENDORSED
FILED

JUN 21 2018

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

                                        1
46918559v.3

Ricoh USA, Inc., IKON Office Solutions, Inc., Ricoh Americas Corporation (collectively "Defendants"), hereby answers the unverified Complaint filed by Augusto De Leon ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendants generally deny each and every allegation in the Complaint.  In further answer to the Complaint, Defendants deny that Plaintiff, the putative class members, or the putative aggrieved individuals have suffered any injury, damage or loss in any nature or manner whatsoever by reason of any act or omission of Defendants.

## SEPARATE DEFENSES

Separately and as defenses to each cause of action in Plaintiff's Complaint, and pursuant to California Code of Civil Procedure section 431.30(g), Defendants allege the following defenses.  In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

Defendants have not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  Defendants do not presently know all of the facts and circumstances respecting Plaintiff's claims and therefore reserves the right to amend this Answer should Defendants later discover facts demonstrating the existence of additional defenses.

## FIRST ADDITIONAL DEFENSE

### (Failure to State a Cause of Action – All Causes of Action)

1.      Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which any relief may be granted.  Defendants assert this defense both as to Plaintiff's individual claims, any alleged class-wide claims, and any claims for relief under the Private Attorneys General Act of 2004.

## SECOND ADDITIONAL DEFENSES

### (Statute of Limitations – All Causes of Action)

2.      Plaintiff's purported causes of action are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 312, 337, 338, 339, 340 and/or 343;

2

46918559v.3

California Business and Professions Code §§ 17208 et seq.; and California Labor Code § 2669.3(d). Defendants assert this defense both as to Plaintiff's individual claims and as to any alleged putative individuals' claims.

### THIRD ADDITIONAL DEFENSE

### (Not Appropriate for Class Action – All Causes of Action)

3.      Plaintiff's Complaint, and each purported cause of action alleged therein, is not proper for treatment as a class action because, among other reasons: (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of claims; and (d) the individualized nature of Plaintiff's claims predominate and thus makes class treatment inappropriate.

### FOURTH ADDITIONAL DEFENSE

### (Plaintiff is Not Aggrieved – All Causes of Action)

4.       Plaintiff's Complaint, and each purported claim alleged therein, is barred because Plaintiff is not an aggrieved employee and is not entitled to any relief under Labor Code § 2698 *et seq*. Plaintiff's Complaint, and each purported claim alleged therein, is further barred to the extent it seeks to recover penalties on behalf of individuals who are not "aggrieved employees."

### FIFTH ADDITIONAL DEFENSE

### (No Standing -- All Causes of Action)

5.      The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff lacks standing to pursue the claims for relief in the Complaint on behalf of some or all of the putative class members current and/or some or all of the putative aggrieved individuals.

### SIXTH ADDITIONAL DEFENSE

### (Adequate Remedy at Law -- All Causes of Action)

6.      Plaintiff's request for "all other relief the Court may deem just and proper" fails because Plaintiff, or the persons he purports to represent, have adequate remedies at law.

46918559v.3

## SEVENTH ADDITIONAL DEFENSE

### (Not the Employer – All Causes of Action)

7.      Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred on the ground that one or more erroneously-sued defendant(s) never employed Plaintiff, any putative class members, and/or any putative aggrieved individuals at any point during any of the relevant limitations periods for Plaintiff's causes of action.

## EIGHTH ADDITIONAL DEFENSE

### (Estoppel/Preclusion – All Causes of Action)

8.      Plaintiff, the putative class members, and/or the putative aggrieved individuals are estopped by their conduct to assert any cause of action against Defendants.

## NINTH ADDITIONAL DEFENSE

### (Unclean Hands – All Causes of Action)

9.      Plaintiff, the putative class members, and/or the putative aggrieved individuals have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by the doctrine of unclean hands.

## TENTH ADDITIONAL DEFENSE

### (Laches – All Causes of Action)

10.      Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the doctrine of laches.  Plaintiff exercised inexcusable delay in commencing this action.  Additionally, employees are instructed on how to report any alleged improper activity.  To the extent that Plaintiff, the putative class members, and/or the putative aggrieved individuals failed to report any such alleged conduct, their causes of action are barred by the doctrine of laches.

## ELEVENTH ADDITIONAL DEFENSE

### (Offset – All Causes of Action)

11.      To the extent that a court holds that Plaintiff, the putative class members, and/or the putative aggrieved individuals are entitled to any damages or restitution, Defendants are entitled to an offset for any overpayments of wages to Plaintiff, putative class members, and putative aggrieved individuals for work never actually performed and expenses never actually incurred, any overpayments

4

of business expenses, or any damages incurred by Defendants as a result of Plaintiff's, putative class members', and putative aggrieved individuals' own acts or omissions.

### TWELFTH ADDITIONAL DEFENSE

### (Consent/Ratification – All Causes of Action)

12.     Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred on the ground that Plaintiff, any putative class members, and/or any putative aggrieved individuals ratified Defendants' alleged actions.

### THIRTEENTH ADDITIONAL DEFENSE

### (Waiver – All Causes of Action)

13.     Plaintiff, the putative class members, and/or the putative aggrieved individuals have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by virtue of the doctrine of waiver.

### FOURTEENTH ADDITIONAL DEFENSE

### (Release – All Causes of Action)

14.     Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred by the doctrine of release as to Plaintiff, any putative class members, and/or any putative aggrieved individuals who gave a release in exchange for adequate consideration.

### FIFTEENTH ADDITIONAL DEFENSE

### (Accord and Satisfaction – All Causes of Action)

15.     Plaintiff's, the putative class members', and/or the putative aggrieved individuals' claims are barred, in whole or in part, pursuant to an accord and satisfaction and/or are barred to the extent that Plaintiff, any putative class members, or any putative aggrieved individuals entered into or is otherwise bound by compromise, settlement or release agreements regarding those claims.

### SIXTEENTH ADDITIONAL DEFENSE

### (Contribution by Plaintiff's Own Acts – All Causes of Action)

16.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because any injuries and/or alleged damages were proximately caused by and/or contributed to by the

5

46918559v.3

acts, omissions, and/or failure to act by Plaintiff, the putative class members, and/or the putative aggrieved individuals.

### SEVENTEENTH ADDITIONAL DEFENSE

#### (No Knowledge, Authorization, or Ratification – All Causes of Action)

17.    Defendants are not liable for the alleged damages because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he/she/it did so without the knowledge, authorization, or ratification of Defendants.

### EIGHTEENTH ADDITIONAL DEFENSE

#### (Failure to Inform Employer of Alleged Violations/Avoidable Consequences – All Causes of Action)

18.    Plaintiff's Complaint, and each purported cause of action contained therein, is barred to the extent Defendants did not have actual or constructive knowledge, or had no reason to know, about any alleged unlawful conduct or purported complaints, any alleged failure to pay wages, or any purported denied, late, missed, or interrupted meal periods or rest periods allegedly suffered by Plaintiff or any other purportedly similarly situated current or former employees.  Defendants did not have actual or constructive knowledge, or had no reason to know, about any alleged unreimbursed expenses, failure to reimburse business expenses, or any alleged insufficiency of the reimbursements Defendants provided, prior to filing a lawsuit.  Defendants did not have actual or constructive knowledge, or had no reason to know, about any alleged inaccuracies regarding wage statements or payroll records of Plaintiff or any other purportedly similarly situated current or former employees.  Plaintiff, therefore, did not provide Defendants with an opportunity to correct any alleged violations and then provide the appropriate remedy, if any, to Plaintiff, putative class members, and/or putative aggrieved individuals prior to the time he filed his lawsuit.

### NINETEENTH ADDITIONAL DEFENSE

#### (Good Faith Dispute – Fifth, Eighth, and Ninth Causes of Action)

19.    Plaintiff's claims based on a violation of California Labor Code sections 201 and 202 are barred to the extent that Defendants and Plaintiff, the putative class members, and/or the putative aggrieved individuals had a good-faith dispute as to whether any wages or premiums were due at the

6

46918559v.3

1   time of termination of employment.  To the extent that Plaintiff, the putative class members, and/or the

2   putative aggrieved individuals are subsequently able to allege that their employment has been

3   terminated, either by involuntary discharge or voluntary resignation, Defendants believe in good faith

4   that all wages and premiums have been, or will have been, paid.

### TWENTIETH ADDITIONAL DEFENSE

### (*De Minimis* Doctrine – First, Eighth, and Ninth Causes of Action)

20.     Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that,

even if Plaintiff, the putative class members, and/or the putative aggrieved individuals were not paid for

all work performed, such work is not compensable pursuant to the *de minimis* doctrine.  Pursuant to the

*de minimis* doctrine, an employer is not required to pay for insubstantial, trivial, or insignificant periods

of purported off-the-clock work.  *See, e.g., Rutti v. Lojack Corp.*, 596 F.3d 1046, 1057-58 (9th Cir.

2010) (noting that courts have generally found that *de minimis* work of less than ten minutes per day is

not compensable; "most courts 'have found daily periods of approximately ten minutes *de minimis* even

though otherwise compensable'"); *Lindow v. United States*, 738 F.2d 1057, 1062, 1064 (9th Cir. 1984)

("[i]t is only when an employee is required to give up a substantial measure of his time and effort that

compensable working time is involved").

### TWENTY-FIRST ADDITIONAL DEFENSE

### (Unreasonable and Unnecessary Expenses – Fourth, Eighth, and Ninth Causes of Action)

21.     Defendants have satisfied any expense reimbursement obligation under California Labor

Code section 2802.  Plaintiff, the putative class members, and/or the putative aggrieved individuals have

failed to request reimbursement for reasonable and necessary business expenses reimbursable under

Labor Code section 2802.

### TWENTY-SECOND ADDITIONAL DEFENSE

### (No Knowing and Intentional Violation – Sixth, Seventh, Eighth, and Ninth Causes of Action)

22.     Plaintiff's Complaint is barred to the extent that Plaintiff, any putative class members,

and/or any putative aggrieved individuals cannot allege any facts showing that Defendants, or any

officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of,

or pays the wages, overtime wages or premium wages due an employee, willfully, knowingly and

7

46918559v.3

intentionally violated the provisions of California Labor Code section 226.  Plaintiff, the putative class members, and the putative aggrieved individuals have, therefore, have no claim pursuant to California Labor Code section 226.

### TWENTY-THIRD ADDITIONAL DEFENSE

**(No Injury – Seventh, Eighth, and Ninth Causes of Action)**

23.     Plaintiff, any putative class members, and/or any putative aggrieved individuals have suffered no injury as a result of any alleged violation of California Labor Code section 226 and therefore are barred from recovering penalties.

### TWENTY-FOURTH ADDITIONAL DEFENSE

**(Failure to Take Provided Meal Periods or Rest Breaks – Third, Fourth, Eighth, and Ninth Causes of Action)**

24.     Plaintiff's claims for failure to provide meal and rest periods are barred to the extent Plaintiff, the putative class members, and/or the putative aggrieved individuals took meal and rest periods or chose not to take such periods provided.

### TWENTY-FIFTH ADDITIONAL DEFENSE

**(Waiver of Meal Periods – Third, Eighth, and Ninth Causes of Action)**

25.     Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff, the putative class members, and/or the putative aggrieved individuals have signed legally valid written waivers of any meal periods or voluntarily waived meal periods.

### TWENTY-SIXTH ADDITIONAL DEFENSE

**(Waiver of Second Meal Periods – Third, Eighth, and Ninth Causes of Action)**

26.     Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff, the putative class members, and/or the putative aggrieved individuals have waived their second 30-minute meal period during shifts, if any, in which they worked at least 10 hours, but less than 12 hours, and were provided with the first 30-minute meal period during those same shifts.

46918559v.3

### TWENTY-SEVENTH ADDITIONAL DEFENSE

### (Premium Wages for Alleged Failure to Take Meal Periods or Rest Periods – Third, Fourth, Eighth, and Ninth Causes of Action)

27.     Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff, the putative class members, and/or the putative aggrieved individuals were paid a "premium wage" of an additional hour of regular pay for each day, if any, when not provided a meal period or not authorized or permitted to take a rest period.  The payment of such "premium wages" negates any additional liability for alleged meal or rest period violations.

### TWENTY-EIGHTH ADDITIONAL DEFENSE

### (Excessive Fines – First, Fifth, Sixth, Seventh, and Ninth Causes of Action)

28.     Plaintiff's, the putative class members', and/or the putative aggrieved individuals' claims for statutory penalties are barred because the provision of California law allowing the award of statutory penalties, and the substantive rules, procedures and standards for determining whether or not to award them, and, if so, in what amount, violate Defendants' rights to due process and equal protection under the United States and California Constitutions.  Additionally, the recovery of any statutory penalties against Defendants is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

### TWENTY-NINTH ADDITIONAL DEFENSE

### (Unavailable Remedies Under the UCL – Eighth and Ninth Causes of Action)

29.     Plaintiff's eighth cause of action fails to the extent that it seeks anything but restitution for alleged violations of the Labor Code that form the basis of the claims under the UCL.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

46918559v.3

**THIRTIETH ADDITIONAL DEFENSE**

**(Inability To Pursue Penalties Under California Labor Code § 2698 *et seq*. - Ninth Cause of Action)**

30.     Plaintiff's Complaint is barred to the extent that Plaintiff seeks civil penalties for alleged violations of the Labor Code that already contain a statutory or other civil penalty.

**THIRTY-FIRST ADDITIONAL DEFENSE**

**(Right To Raise Other Defenses)**

31.     Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff, on behalf of himself and any persons whom Plaintiff purports to represent by this action, take nothing by the unverified Complaint and the Complaint be dismissed with prejudice;

2.     That judgment be entered in favor of Defendants and against Plaintiff and all persons Plaintiff purports to represent on all causes of action;

3.     That Defendants be awarded reasonable attorneys' fees according to proof;

4.     That Defendants be awarded the costs of suit incurred herein; and

5.     That Defendants be awarded such other and further relief as the Court deems proper.

DATED: June 21, 2018                                        Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
                    John R. Giovannone
                    Ryan McCoy
                    Amanda I. Fry
                    Attorneys for Defendants
                    RICOH USA, INC.; IKON OFFICE
                    SOLUTIONS, INC.; and RICOH
                    AMERICAS CORPORATION

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

46918559v.3

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 560 Mission Street, 31st Floor, San Francisco, California  94105.  On June 21, 2018, I served the within document(s):

**Defendants Ricoh USA, Inc.; IKON Office Solutions, Inc. and Ricoh Americas Corporation's Answer to Complaint**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐ by [caused delivery] personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with a signed copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below. - COURTESY COPY

| | |
|---|---|
| R. Craig Clark, Esq.<br>Monique R. Rodriguez, Esq.<br>Paige D. Chretien<br>CLARK LAW GROUP<br>205 West Date Street<br>San Diego, CA 92101<br>Tel.: (619) 239-132<br>Fax: (619) 273-4554<br>cclark@clarklawyers.com<br>mrodriguez@clarklawyers.com<br>pchretien@clarklawyers.com | Walter Haines, Esq.<br>United Employers Law Group<br>5500 Bolsa Avenue, Suite 201<br>Huntington Beach, CA 92649<br>Tel.: (562) 256-1047<br>Fax: (562) 256-4554 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 21, 2018 at San Francisco, California.

_____
Gloria Garcia