1  R. Craig Clark (SBN 129219)
   cclark@clarklawyers.com
2  Monique R. Rodriguez (SBN 304223)
   mrodriguez@clarklawyers.com
3  **CLARK LAW GROUP**
   205 West Date Street
4  San Diego, CA 92101
   Telephone: (619) 239-1321
5  Facsimile:  (888) 273-4554

6  Walter Haines (SBN 071075)
   **UNITED EMPLOYEES LAW GROUP**
7  5500 Bolsa Avenue, Suite 201
   Huntington Beach, CA 92649
8  Telephone: (562) 256-1047
   Facsimile:  (562) 256-1006
9  *Attorneys for Plaintiff*

10              **UNITED STATES DISTRICT COURT**

11   **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

12  AUGUSTO DE LEON, as an individual, | CASE NO.: 3:18-cv-03725-JSC
    on behalf of himself, and all persons
13  similarly situated,                | **CLASS & REPRESENTATIVE
                                       | ACTION**
14                        Plaintiff,   |
                                       | **SECOND AMENDED COMPLAINT
15            v.                       | FOR DAMAGES, CIVIL
                                       | PENALTIES, RESTITUTION AND
16                                     | INJUNCTIVE RELIEF:**
    RICOH USA, INC., an Ohio           |
17  corporation authorized to do business | **(1) FAILURE TO PAY MINIMUM
    in the state of California; IKON   |     WAGES, STRAIGHT TIME AND
18  OFFICE SOLUTIONS, INC., also       |     OVERTIME COMPENSATION
    known as Ricoh USA, Inc., an Ohio  |     (Labor Code §§ 204, 210, 222, 223,
19  corporation authorized to do business |   224, 510, 1194, 1197, 1197.1, and
    in the state of California; RICOH  |     1198);**
20  AMERICAS CORPORATION, a            |
    Delaware corporation previously    | **(2) FAILURE TO PROVIDE
21  authorized to do business in the state |   LEGALLY COMPLIANT MEAL
    of California and succeeded by Ricoh |   PERIODS OR COMPENSATION
22  USA, Inc.; and DOES 1 to 10        |     IN LIEU THEREOF
    inclusive,                         |     (Labor Code §§ 226.7 and 512);**
23                                     |
                         Defendants.   | **(3) FAILURE TO PROVIDE
24                                     |     LEGALLY COMPLIANT REST
                                       |     PERIODS OR COMPENSATION
25                                     |     IN LIEU THEREOF
                                       |     (Labor Code § 226.7);**
26                                     |
                                       | **(4) FAILURE TO REIMBURSE FOR
27                                     |     NECESSARY WORK EXPENSES
                                       |     (Labor Code §§ 2800 and 2802);**
28

                                  1
      SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES,
            RESTITUTION AND INJUNCTIVE RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**(5) FAILURE TO PAY WAGES
OWED
(Labor Code §§ 201, 202, and 203);**

**(6) FAILURE TO FURNISH
ACCURATE ITEMIZED WAGE
STATEMENTS
(Labor Code §§ 226 and 226.3);**

**(7) FAILURE TO MAINTAIN
ACCURATE RECORDS
(Labor Code §§ 226(a) and 1174);**

**(8) UNFAIR BUSINESS PRACTICES
(Bus. & Prof. Code §§ 17200 *et
seq.*);**

**(9) PRIVATE ATTORNEYS
GENERAL ACT OF 2004
(Labor Code §§ 2698 *et. seq.*); and**

**(10) VIOLATIONS OF THE FAIR
LABOR STANDARDS ACT
(29 U.S.C. §§ 201 *et seq.*);**

**DEMAND FOR JURY TRIAL**

Plaintiff Augusto De Leon ("Plaintiff"), by and through his attorneys of record,

brings this action on behalf of himself and all persons similarly situated against

Defendants Ricoh USA, Inc., IKON Office Solutions, Inc., and Ricoh Americas

Corporation (collectively "Ricoh" or "Defendants") on the following grounds:

## **INTRODUCTION**

1.     This class, collective and representative action is brought by Plaintiff on

behalf of himself and all other current or former hourly non-exempt employees of Ricoh

who held titles including, but not limited to, technology service technician, field support

representative and/or other positions engaged in similar work for Ricoh in the state of

California ("Ricoh Employees"), who were not properly compensated for all hours

worked, who were not provided with legally compliant meal and/or rest periods or

compensation in lieu thereof, who were not reimbursed for necessary work expenses,

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES,
RESTITUTION AND INJUNCTIVE RELIEF

1  who were not paid all wages due upon separation or termination of the employment

2  relationship, who were not provided with accurate itemized wage statements, whose

3  information was not properly maintained by Ricoh, and who were subject to Ricoh's

4  unlawful, unfair and fraudulent business practices.

5      2.    Plaintiff seeks damages, civil penalties, injunctive relief, and restitution, as

6  well as reasonable attorneys' fees and litigation costs, as provided under California and

7  Federal law.

8      3.    All allegations in this Second Amended Complaint ("SAC") are based

9  upon information and belief, except those allegations pertaining to the named Plaintiff

10 and his counsel, which are based on personal knowledge. Each allegation in this SAC

11 has evidentiary support or is likely to have evidentiary support after a reasonable

12 opportunity for further investigation and discovery.

13                    **JURISDICTION AND VENUE**

14     4.    This Court has jurisdiction over this action pursuant to California Code of

15 Civil Procedure ("Code of Civil Procedure") section 410.10. Pursuant to Code of Civil

16 Procedure section 382 and California Business and Professions Code ("Bus. & Prof.

17 Code") section 17203, California Labor Code ("Labor Code") sections 2698 *et seq*. and

18 the Class Action Fairness Act[1], codified as 28 U.S.C. section 1332(d), Plaintiff brings

19 this action on behalf of himself, and on behalf of all persons similarly situated, as

20 described herein.

21     5.    This Court has personal jurisdiction over Defendants. Defendants are doing

22 business, or have previously done business, in the state of California throughout the

23 statutory period and have caused injuries in Sonoma County, as well as throughout the

24 state of California during the statutory period, through its acts and omissions, and by its

25 violations of the Labor Code, Bus. & Prof. Code, and Fair Labor Standards Act

26

27 _____
[1] On June 22, 2018, Defendants removed this action from the Superior Court of Sonoma
28 County based on evidence that the aggregate claims of the action, exclusive of interest,
   costs, and attorneys' fees exceeds $5 million. (Dkt. No. 1.)

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES,
RESTITUTION AND INJUNCTIVE RELIEF

1  (codified in 29 U.S.C. sections 201 *et seq.*, "FLSA").

2      6.      Pursuant to Code of Civil Procedure section 395(a) and 29 U.S.C. section

3  1391, venue as to each Defendant is proper in this judicial district. Defendants Ricoh

4  USA, Inc. and IKON Office Solutions, Inc. are transacting business in Sonoma County

5  and are otherwise within this Court's jurisdiction for purposes of service of process.

6  Defendant Ricoh Americas Corporation is also within this Court's jurisdiction for

7  purposes of service of process as it was previously authorized to do business, and

8  actually did business, in Sonoma County and throughout the state of California during

9  the statutory period. The unlawful acts alleged herein have a direct effect on Plaintiff

10  and those similarly situated within the county of Sonoma, the counties surrounding

11  Sonoma County and throughout the state of California.

12      7.      Pursuant to Rule 3.400 of the California Rules of Court, this case shall be

13  deemed a complex action because it is filed as a class and representative action and

14  involves specialized case management, extensive discovery and evidence, difficult

15  and/or novel issues and is likely to require extensive post judgment supervision.

16                          **THE PARTIES**

17  **I.    PLAINTIFF**

18      8.      Plaintiff Augusto De Leon at all material times mentioned herein:

19          a.      Was employed by Ricoh from approximately May 2000 to

20                  November 2017 as a field service representative and technology

21                  service technician;

22          b.      Worked out of Ricoh's Petaluma, California location;

23          c.      Was paid an hourly wage;

24          d.      Regularly worked more than eight hours per day and/or forty hours

25                  per week;

26          e.      Was subject to Ricoh's performance-based evaluations;

27          f.      Was instructed to work off the clock in order to complete a job;

28          g.      Was not timely paid for all time worked off the clock;

4
SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES,
RESTITUTION AND INJUNCTIVE RELIEF

h.     Was not timely paid the minimum wages for all time worked;

i.     Was not timely paid the appropriate overtime rate;

j.     Was not provided with the appropriate amount of sick days for all time worked;

k.     Was not provided with legally compliant meal periods or compensation in lieu thereof;

l.     Was not provided with legally compliant rest periods or compensation in lieu thereof;

m.     Was not reimbursed for necessary work expenses;

n.     Was not paid all wages due upon separation or termination of the employment relationship;

o.     Was not paid the appropriate waiting time penalties;

p.     Was not provided with accurate itemized wage statements;

q.     Believes his employee and payroll records were not accurately maintained by Ricoh;

r.     Was subject to Ricoh's unlawful, unfair and fraudulent business practices;

s.     Is a member of the class and/or classes described herein;

t.     Is an "aggrieved employee" as defined by Labor Code § 2699(c); and

u.     Complied with all requirements outlined in Labor Code §§ 2698 *et seq*.

## II.    DEFENDANTS

9.     Defendant Ricoh USA, Inc. is an Ohio corporation authorized to do business, and is actually doing business, in the state of California. Ricoh USA, Inc. is in the business of producing, distributing and servicing office equipment including, but not limited to, printers, photocopiers and fax machines, throughout the state of California.

10.     Defendant IKON Office Solutions, Inc., also known as Ricoh USA, Inc., is

5

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

an Ohio corporation authorized, and actually doing business, under the corporate name Ricoh USA, Inc.[2], in the state of California.  IKON Office Solutions, Inc., is in the business of producing, distributing and servicing office equipment including, but not limited to, printers, photocopiers and fax machines, throughout the state of California.

11.    Defendant Ricoh Americas Corporation was a Delaware corporation authorized to do business, and was actually doing business, in the state of California as Ricoh Americas Corporation until approximately April 1, 2016 when Ricoh Americas Corporation was succeeded by Ricoh USA, Inc.[3] During the relevant statutory period, Defendant Ricoh Americas Corporation was in the business of selling and servicing office equipment as well as selling related supplies throughout the state of California.

12.    The true names and capacities, whether individual, corporate, subsidiary, partnership, associate, or otherwise of Defendant Does 1 through 10, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names pursuant to Code of Civil Procedure section 474.  Plaintiff will amend his complaint to allege the true names and capacities of Does 1 through 10 when they are ascertained.

13.    At all times mentioned herein, the acts alleged to have been done and/or caused by Defendants are also alleged to have been done and/or caused by the unascertained defendants mentioned above, and by each of their agents and employees who acted within the scope of their agency and/or employment.

14.    At all times mentioned herein, each defendant acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venture of the other defendants, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture.

15.    At all times mentioned herein, the acts and omissions of each of the

---

[2] According to the California Secretary of State website, effective April 1, 2012, IKON Office Solutions, Inc. changed its corporate name to Ricoh USA, Inc.

[3] According to the California Secretary of State website, effective April 1, 2016, Ricoh Americas Corporation merged out of existence into Ricoh USA, Inc.

6

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

defendants concurrently contributed to the various acts and omissions of each and every one of the other defendants in proximately causing the wrongful conduct, harm, and damages alleged herein.  Each of the defendants approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained herein.  Each defendant and all Doe defendants were and are acting with authority of each and every other defendant and are acting as agents of each and every other defendant or Doe defendant.

16.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate, or otherwise of Defendant Does 1 through 10, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names pursuant to Code of Civil Procedure section 474.  Plaintiff will amend his complaint to allege the true names and capacities of Does 1 through 10 when they are ascertained.

## FACTUAL ALLEGATIONS

17.     Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this SAC.

18.     Plaintiff was employed by Ricoh in a non-exempt capacity from approximately May 2000 to November 2017. During this time, Plaintiff worked as a field service representative until approximately 2008 when the field service representative position was retitled to technology service technician. Plaintiff subsequently worked as a technology service technician until he separated from Ricoh in approximately November 2017. During his employment, Plaintiff worked out of the Petaluma, California location and was paid an hourly wage.

19.     Plaintiff asserts that Ricoh employs individuals as hourly non-exempt Ricoh Employees at its various locations throughout the state of California. Plaintiff is informed and believes that Ricoh Employees are not classified as exempt or are primarily employed in an executive, profession or administrative capacity.

20.     Plaintiff is informed and believes that Ricoh pays all Ricoh Employees an hourly wage.

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

21.     Plaintiff alleges, based on information and belief, that all of Ricoh's Ricoh Employees are subject to the same and/or similar culture, policies, practices, guidelines and/or procedures described herein including, but not limited to, policies and practices regarding meal and rest periods, straight-time, overtime, accrual and payment of sick leave, and reimbursement.

22.     Plaintiff further alleges that he and other Ricoh Employees have suffered, and continue to suffer, the same and/or similar violations described herein.

23.     As a policy, practice, guideline and/or procedure, Ricoh regularly requires Ricoh Employees to work more than eight hours per day and/or forty hours per week.

24.     As a culture, policy, practice, guideline and/or procedure, Ricoh prioritizes the timely completion of jobs over all breaks.

25.     Plaintiff further asserts that Ricoh failed to pay all earned wages on the designated pay date in violation of California law.

26.     Plaintiff asserts that as a policy, practice, guideline, procedure and/or culture, Ricoh fails to timely compensate Plaintiff and other Ricoh Employees for all time worked, in part due to Ricoh's policy, practice, guideline, procedure and/or culture of rounding the time before and after scheduled shifts and/or any other time in the day when the employee was performing work on behalf of Ricoh.

27.     Plaintiff asserts that, as a policy, practice, guideline and/or procedure, Ricoh instructs Ricoh Employees to clock out and continue working off the clock during meal periods in order to complete a job in a timely manner. Furthermore, Plaintiff asserts that he and other Ricoh Employees were threatened with disciplinary action including, but not limited to, threats of termination if they did not work off the clock during meal periods.

28.     Plaintiff alleges that time worked off the clock in order to complete a job went unconsidered in the determination of hours and/or overtime hours worked by Ricoh Employees. As such, Ricoh shaved, stole, unlawfully deducted or otherwise failed to timely pay Plaintiff and other Ricoh Employees for all hours worked at the

8

1 appropriate rate of pay.

2     29.    As a policy, practice, guideline and/or procedure, Ricoh conducts

3 performance-based evaluations of Ricoh Employees using criteria set and designed by

4 Ricoh to promote maximum productivity. Ricoh has a further policy, practice, guideline

5 and/or procedure of numerically ranking Ricoh Employees against other Ricoh

6 Employees in the area based on their performance evaluations. These policies, practices,

7 guidelines and/or procedures incentivize and encourage the foregoing of legally

8 compliant meal and rest periods, as well as working off the clock.

9     30.    Plaintiff further asserts that he and other Ricoh Employees were not

10 provided with the opportunity to take duty-free meal periods of thirty-minute duration.

11 Instead, Plaintiff alleges that he and other Ricoh Employees often worked through, or

12 took short and/or late, meal periods due to the instruction and pressure from Ricoh to

13 prioritize completing jobs over taking any and all breaks. Plaintiff also alleges that he

14 and other Ricoh Employees had to be available to perform work, as necessary, during

15 meal periods in order to meet Ricoh's customer demands, expectations and/or service

16 guarantees.

17     31.    Plaintiff also alleges, based on information and belief, that Ricoh

18 Employees were not given the opportunity to take a second duty-free meal period when

19 they worked more than ten hours in one shift for the same or similar reasons described

20 herein.

21     32.    Plaintiff further asserts that it was Ricoh's policy, practice, procedure,

22 guideline and/or culture to automatically deduct thirty (30) minutes from each work day

23 from Plaintiff and other Ricoh Employee's wages for meal periods, regardless of

24 whether the Ricoh Employee was provided with the opportunity to take a legally

25 compliant meal period.

26     33.    Additionally, Plaintiff asserts that Ricoh Employees regularly worked

27 without the opportunity to take an off-duty rest period. For example, Ricoh required

28 Plaintiff and other Ricoh Employees to remain readily available to perform work during

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES,
RESTITUTION AND INJUNCTIVE RELIEF

1  rest periods, as needed, in order to satisfy Ricoh's customer demands, expectations
2  and/or service guarantees.

3      34.    Plaintiff alleges that Ricoh did not have a policy, practice, guideline and/or
4  procedure for Ricoh Employees to report non-compliant meal and/or rest periods, nor
5  was there any way to notate non-compliant meal and/or rest periods in the timekeeping
6  program.

7      35.    Ricoh failed to pay Plaintiff and other current or former Ricoh Employees
8  the legally required premium wage for non-compliant meal periods.

9      36.    Furthermore, Ricoh failed to pay Plaintiff and other current or former
10  Ricoh Employees the legally required premium wage for non-compliant rest periods.

11      37.    Plaintiff alleges that Ricoh has a policy, practice, guideline and/or
12  procedure of failing to provide Plaintiff and other current or former Ricoh Employees
13  with one hour of paid sick leave for every thirty (30) hours worked in accordance with
14  the law.

15      38.    Ricoh also failed to provide Plaintiff and other Ricoh Employees with paid
16  sick days since they were unable to accrue the paid sick days at the rate provided by law
17  as a result of Ricoh's failure to account for all time worked.

18      39.    As a policy, practice, guideline and/or procedure, Ricoh requires Ricoh
19  Employees to wear a distinctive shirt, which features the Ricoh logo. Plaintiff asserts
20  that Ricoh Employees are required to purchase the distinctive shirts from a company-
21  endorsed vendor as well as personally maintain the distinctive shirts. It is not Ricoh's
22  policy and/or practice to reimburse Ricoh Employees for the cost of purchasing or
23  maintaining the distinctive shirts, which require special laundering due to the nature of
24  the job including, but not limited to, the distinctive shirts being soiled with ink.

25      40.    As a policy, practice, guideline and/or procedure, Ricoh requires Ricoh
26  Employees to drive their personal vehicles to and from jobs. Plaintiff further asserts that
27  Ricoh fails to adequately reimburse Ricoh Employees for the work-related use of their
28  personal vehicles.

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES,
RESTITUTION AND INJUNCTIVE RELIEF

41.    As a policy, practice, guideline, procedure and/or culture, Ricoh also requires Ricoh Employees to charge their company equipment at their residences as well as to use their personal cell phones for work related tasks.  However, Ricoh does not reimburse Ricoh Employees for a reasonable portion of their expenses.

42.    Due to Ricoh's failure to properly compensate Ricoh Employees for all time worked as well as its failure to pay entitled to meal and/or rest period premiums, Ricoh willfully failed to timely pay all wages owed to Plaintiff and other former Ricoh Employees who separated from Ricoh during the statutory period. Ricoh also failed to pay Ricoh Employees the required waiting penalties as a result of failing to timely pay all wages owed upon separation of employment.

43.    Due to Ricoh's policies, practices, guidelines, procedures, and/or culture described herein, Ricoh failed to furnish accurate itemized wage statements to Plaintiff and other Ricoh Employees since, for example, the wage statements did not properly reflect the number of hours worked and/or the applicable pay rates. Additionally, the wage statements furnished by Ricoh to Plaintiff and other Ricoh Employees did not accurately reflect the gross and/or net wages earned by Ricoh Employees. Ricoh also failed to include pay period information as well as the requisite employee and employer identification on the wage statements furnished to Ricoh Employees such as Plaintiff.

44.    Because of Ricoh's policies, practices, guidelines, procedures, and/or culture described herein, including the inaccurate recording of time worked, Ricoh also knowingly and intentionally failed to maintain accurate employee and payroll records as required by California law.

45.    On March 7, 2018, Plaintiff submitted notice to the California Labor and Workforce Development Agency ("LWDA") and Ricoh informing them of Ricoh's alleged Labor Code violations pursuant to the Private Attorneys General Act of 2004 (codified in Labor Code § 2698 *et seq*., "PAGA"). A true and correct copy of the notice is attached hereto as **Exhibit 1** and is incorporated herein by this reference.

/ / /

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

46.    To date, more than 65 days after the submission of the notice, the LWDA has not provided notice of whether it intends to investigate the alleged violations. Therefore, Plaintiff has the right to pursue his claims under PAGA in a representative capacity pursuant to Labor Code § 2699.3. As such, Plaintiff filed a representative action against Ricoh on or about May 22, 2018 pursuant to Labor Code §§ 2698 *et seq*.

47.    Furthermore, Plaintiff believes that additional violations may be discovered and therefore reserves his right to allege additional violations of the law as investigation and discovery warrants.  In the event Plaintiff discovers additional violations through the discovery process, Plaintiff will seek to amend the operative complaint as necessary.

## CLASS DEFINITION

48.    The proposed Class consists of current or former hourly, non-exempt Ricoh Employees (as defined in paragraph 1 herein) employed by Ricoh in the state of California at any time during the period commencing on the date that is within four years prior to the filing of this Complaint through the present date (hereinafter the "Class Period"). To the extent that equitable tolling operates to toll the claims by the class against Defendants, the Class Period should be adjusted accordingly.

49.    Members of the Class are all "employees" as the term is used in the Labor Code and the IWC Wage Orders regulating wages, hours and working conditions in the state of California.

50.    Members of the Class are also "employees" as the term is defined and used in the Fair Labor Standards Act.

51.    A more precise definition of the Class may be determined after further investigation and discovery. Plaintiff reserves his right to redefine the class at any time prior to the court's order on Plaintiffs' Motion for Class Certification as provided by law.

## CLASS ALLEGATIONS

52.    Plaintiff brings this action on behalf of himself, and on behalf of all persons within the defined Class included herein.

12

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

53.    This class action meets the statutory prerequisites for the maintenance of a class action, as set forth in the Code of Civil Procedure section 382, Civil Code section 1781, and Federal Rules of Civil Procedure, Rule 23, in that:

    a.    The persons who comprise the Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

    b.    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the Class and will apply uniformly to every member of the Class, and as a practical matter, be dispositive of the interests of the other members not party to the adjudication;

    c.    The parties opposing the Class have acted or have refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or declaratory relief appropriate with respect to the Class as a whole; and

    d.    Common questions of law and fact exist as to the members of the Class and predominate over any question affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

        i.    The interests of Class members in individually controlling the prosecution or defense of separate actions;

        ii.    The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

        iii.    The desirability or undesirability of concentrating the litigation of the claims in this particular forum; and

        iv.    The likely difficulties in the managing a class action.

13

54.    The Court should permit this action to be maintained as a class action pursuant to Code of Civil Procedure section 382, Civil Code section 1781, and Federal Rules of Civil Procedure, Rule 23 because:

a.    Questions of law and fact common to the Class are substantially similar and predominate over any questions affecting only individual members;

b.    A class action is superior to any other available method for the fair and efficient adjudication of Class Members' claims;

c.    The members of the Class are so numerous that it is impractical to bring all Class Members before the Court;

d.    Plaintiff's claims are typical of the claims of the Class;

e.    Class Members will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

f.    There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties alleged, and in obtaining adequate compensation for the damages that Defendants' actions have inflicted upon the Class;

g.    Plaintiff can fairly and adequately protect the interests of the Class;

h.    There is a community of interest in ensuring that the combined assets and available insurance of Defendants are sufficient to adequately compensate the members of the Class for the injuries sustained; and

i.    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

/ / /

/ / /

/ / /

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(By Plaintiff Individually and on Behalf of the Class against Defendants and Does 1-10)**

## FAILURE TO PAY MINIMUM WAGES, STRAIGHT TIME

## AND OVERTIME COMPENSATION

**[Labor Code §§ 204, 210, 222, 223, 224, 510, 1194, 1197, 1197.1, and 1198]**

55.     Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this SAC.

56.     Labor Code § 204 establishes an employee's fundamental right in the state of California to be paid wages in a timely manner for their work.

57.     Labor Code § 222 prohibits the withholding of any agreed upon wage. Labor Code § 223 prohibits the secret underpayment of wages.  Labor Code § 1197 requires employers to pay its employees the minimum wage as fixed by the commission and further states that payment of wages lower than the fixed minimum is unlawful. Where an employer causes an employee to be paid a wage less than the fixed minimum, section 1197.1 requires the employer to pay a civil penalty.

58.     California law does not permit an employer to pay "less than the applicable minimum wage for all hours worked in the payroll period, whether the remunerations is measured by time, piece, commission, or otherwise." *Gonzalez v. Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36, 44; *See also* IWC Wage Order No. 4-2001, Item 4(B).

59.     Labor Code § 1198 and IWC Order No. 4-2001 make it unlawful to employ persons for more than eight hours per day or forty hours per workweek without compensating them at the rate of pay either time and one half or two times that person's regular rate of pay depending on the number of hours worked.

60.     Codifying the right to overtime compensation, Labor Code § 510(a) provides:

Eight hours of labor constitutes a day's work. <u>Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek</u> and the first eight hours worked on the seventh day of work in any one workweek <u>shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.</u> In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. (Emphasis added.)

61. An employee may not waive his or her right to overtime compensation and any agreement by the employee to accept less than the statutorily required rate is unenforceable as a matter of law. *Early v. Superior Court* (2000) 79 Cal.App.4th 1420, 1430.

62. Section 1194(a) of the Labor Code states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

63. Labor Code § 558(a) further provides:

Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

/ / /

64.    As a policy, practice, guideline and/or procedure, Ricoh regularly requires Ricoh Employees to work more than eight hours per shift and/or more than forty hours per workweek.

65.    Ricoh, as a culture, policy, practice, guideline, procedure and/or culture, failed to timely compensate Plaintiff and other Ricoh Employees for all time worked at the appropriate rate of pay.

66.    Plaintiff asserts that as a policy, practice, guideline, procedure and/or culture, Ricoh fails to timely compensate Plaintiff and other Ricoh Employees for all time worked, in part as a result of Ricoh's policy, practice, guideline, procedure and/or culture of rounding the time before and after scheduled shifts and/or any other time in the day when the employee was performing work on behalf of Ricoh.

67.    As a policy, practice, guideline, procedure and/or culture, Ricoh prioritizes the timely completion of jobs over all breaks.

68.    Ricoh, as a policy, practice, guideline, procedure and/or culture, conducts performance- based evaluations of Ricoh Employees using criteria set and designed by Ricoh to promote maximum productivity. Ricoh has a further policy, practice, guideline procedure and/or culture of numerically ranking Ricoh Employees against other Ricoh Employees in the area based on their performance evaluations. These policies, practices, guidelines, procedures and/or culture incentivize and encourage working off the clock.

69.    Ricoh also has a policy, practice, guideline and/or procedure of instructing Ricoh Employees to work off the clock during meal periods in order to complete a job.

70.    As a result, Ricoh knowingly fails to accurately and properly record all time worked by Ricoh Employees. Consequently, Ricoh fails to timely compensate Ricoh Employees for all time worked at the appropriate rates required by California law. This is especially true as time worked off the clock is not recorded and thus not considered in determining whether an individual Ricoh Employee worked more than eight hours in one shift and/or forty hours in one workweek for overtime pay purposes, as well as whether the individual Ricoh Employee was entitled to the accrual of paid

17

1   sick leave.

2       71.    By virtue of Ricoh's unlawful failure to compensate Plaintiff and all other

3   Ricoh Employees for their time worked, current or former Ricoh Employees have and

4   will continue to suffer damages in amounts which are presently unknown, but which

5   exceed the jurisdictional limits of this Court and which will be ascertained according to

6   proof at trial.

7       72.    Having received less than the legal minimum wage and/or applicable rate

8   of overtime compensation, Plaintiff and other Ricoh Employees are entitled to and now

9   seek to recover all wages and penalties owed, including penalties available under Labor

10  Code §§ 210 and 558, as well as interest, reasonable attorneys' fees and costs pursuant

11  to Labor Code §§ 218.5 and 1194 and Code of Civil Procedure § 1021.5.

12      73.    Plaintiff and other current or former Ricoh Employees are entitled to, and

13  seek to, recover liquidated damages as provided under Labor Code §§ 1194.2 and

14  1197.1.

15      74.    Plaintiff, on behalf of himself and all other current or former Ricoh

16  Employees, requests further relief as described in the below prayer.

17  ## SECOND CAUSE OF ACTION

18  **(By Plaintiff Individually and on Behalf of the Class against Defendants and Does 1-10)**

19  ## FAILURE TO PROVIDE LEGALLY COMPLIANT MEAL PERIODS OR

20  ## COMPENSATION IN LIEU THEREOF

21  **[Labor Code §§ 226.7 and 512]**

22      75.    Plaintiff realleges and incorporates by this reference, as though fully set

23  forth herein, all paragraphs of this SAC.

24      76.    Section 512(a) of the Labor Code provides:

25      An employer may not employ an employee for a work period
        of more than five hours per day without providing the employee
26      with a meal period of not less than 30 minutes, except that if the
        total work period per day of the employee is no more than six
27      hours, the meal period may be waived by mutual consent of
        both the employer and employee. An employer may not employ
28      an employee for a work period of more than 10 hours per day

without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived. (Emphasis added.)

77.    Labor Code § 226.7(c) states:

If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

78.    Pursuant to IWC Order No. 4-2001, Item 11:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

*See also* Cal. Code Regs., tit. 8, § 11040, subd. 11.

79.    A meal period generally comports with the requirements of California law if the employee (1) has at least 30 minutes uninterrupted, (2) is free to leave the premises, and (3) is relieved of all duty for the entire period. *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1036 [citing DLSE Opn. Letter No. 1996.07.12 (July 12, 1996) p.1]. Additionally, "an employer may not undermine formal policy of providing meal breaks by pressuring employees to perform their duties in ways that omit breaks." *Id*. at 1040 (citations omitted).

19

80.    At all relevant times, Plaintiff and other current or former Ricoh Employees worked at least eight hours per workday.

81.    Plaintiff asserts that it was Ricoh's policy, practice, procedure, guideline and/or culture to automatically deduct thirty (30) minutes from each work day from Plaintiff and other Ricoh Employee's wages for meal periods, regardless of whether the Ricoh Employee was provided with the opportunity to take a legally compliant meal period.

82.    Ricoh, as a culture, policy, practice, guideline and/or procedure prioritizes the timely completion of jobs over all breaks.

83.    Plaintiff alleges that it is Ricoh's culture, policy, practice, guideline and/or procedure to instruct and coerce Ricoh Employees to clock out and continue working through meal periods in order to complete a job. Plaintiff further alleges that managers and/or supervisors threatened him and other Ricoh Employees to work off the clock during meal periods in order to complete a job or face disciplinary action, such as termination.

84.    Additionally, Ricoh has a policy, practice, guideline and/or procedure of evaluating Ricoh Employees' performance by use of criteria set by Ricoh to promote maximum productivity. It is also Ricoh's policy, practice, guideline and/or procedure to numerically rank Ricoh Employees against the other Ricoh Employees in the area based on performance, thereby creating a culture that actively encourages non-compliant meal periods.

85.    Plaintiff also asserts that Ricoh has a policy, practice, guideline, procedure and/or culture of requiring Ricoh Employees to remain readily available to perform work during meal periods, as needed, to meet the demands and/or expectations of Ricoh's customers and/or to satisfy the service guarantees Ricoh makes to its customers.

86.    Plaintiff further alleges that he and other Ricoh Employees were not given the opportunity to take a second duty-free meal period when they worked more than ten hours in one day.

20

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

87.    Plaintiff believes that Ricoh knew or should have known that its Ricoh Employees were not provided with legally compliant meal periods.

88.    Ricoh failed to pay the premium wage required by California law to Plaintiff and other Ricoh Employees for non-compliant meal periods.

89.    Ricoh's unlawful conduct caused Plaintiff and other current or former Ricoh Employees to suffer, and they will continue to suffer, damages in an amount which is presently unknown, but which exceeds the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

90.    Pursuant to Labor Code § 226.7(c) and the relevant IWC Order No. 4-2001, Item 11(D), Plaintiff and other current or former Ricoh Employees are entitled to, and seek to, recover the full amount of unpaid premium wages for non-compliant meal periods.

91.    Pursuant to Labor Code § 218.6, Plaintiff and other current or former Ricoh Employees are entitled to, and seek to, recover prejudgment interest on the amount of premium wages owed.

92.    Plaintiff and other current or former Ricoh Employees are entitled to, and seek to, recover reasonable attorneys' fees as permitted by Labor Code § 218.5 and Code of Civil Procedure § 1021.5.

93.    Plaintiff, on behalf of himself and all other current or former Ricoh Employees, requests further relief as described in the below prayer.

**THIRD CAUSE OF ACTION**

**(By Plaintiff Individually and on Behalf of the Class against Defendants and Does 1-10)**

**FAILURE TO PROVIDE LEGALLY COMPLIANT REST PERIODS OR**

**COMPENSATION IN LIEU THEREOF**

**[Labor Code § 226.7]**

94.    Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this SAC.

95.    In pertinent part, Labor Code § 226.7 states:

21

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and health.

(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Divisor of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for workday that the meal or rest or recovery period is not provided.

96.    IWC Order No. 4-2001, Item 12 provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes of net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided. (Emphasis added.)

*See also* Cal. Code Regs., tit. 8, § 11040, subd. 12.

97.    During rest periods, employers must relinquish control over their employees and relieve their employees of all duties. *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 273.

98.    At all relevant times, Plaintiff and other current or former Ricoh Employees worked at least eight hours per workday.

99.    Ricoh, as described herein, has a culture, policy, practice, guideline and/or procedure of prioritizing the timely completion of jobs over all breaks.

100.    Plaintiff also alleges that as a policy, practice, guideline and/or procedure, Ricoh fails to authorize and permit Ricoh Employees to take lawful rest periods.

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

Instead, due to the workload set by Ricoh as well as Ricoh's culture, policy, practice, guideline and/or procedure of pressuring Ricoh Employees to complete jobs quickly, Ricoh Employees regularly work without the opportunity to take an off-duty rest period.

101.   Additionally, as described herein, it is Ricoh's policy, practice, guideline and/or procedure to evaluate the performance of Ricoh Employees using criteria set by Ricoh designed to promote maximum productivity. Ricoh also has a policy, practice, guideline and/or procedure, as described herein, of numerically ranking Ricoh Employees against the other Ricoh Employees in the area. These policies, practices, guidelines and/or procedures thus serve as incentives for Ricoh Employees to forgo rest periods and further encourage the skipping of rest periods.

102.   Moreover, Ricoh requires Ricoh Employees to remain readily available to perform work during rest periods, as necessary, in order to satisfy Ricoh's customer demands, expectations and/or service guarantees.

103.   Plaintiff believes that Ricoh knew or should have known that its Ricoh Employees were not authorized and permitted to take legally compliant rest periods.

104.   Ricoh failed to pay Plaintiff and other current or former Ricoh Employees the premium wage required by California law for non-compliant rest periods.

105.   Due to Ricoh's unlawful conduct, Plaintiff and other current or former Ricoh Employees have and will continue to suffer damages in an amount which is presently unknown, but which exceeds the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

106.   According to Labor Code §§ 226.7(c), 558 and IWC Order No. 4-2001, Item 12(B), Plaintiff and other current or former Ricoh Employees are entitled to, and seek to, recover the full amount of unpaid premium wages for non-compliant rest periods.

107.   Pursuant to Labor Code § 218.6, Plaintiff and other current or former Ricoh Employees, are entitled to, and seek to, recover prejudgment interest on the amount of premium wages owed.

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

108.    Plaintiff and other current or former Ricoh Employees are entitled to, and seek to, recover reasonable attorneys' fees and costs pursuant to Labor Code § 218.5 and Code of Civil Procedure § 1021.5.

109.    Plaintiff, on behalf of himself and all other current or former Ricoh Employees, requests further relief as described in the below prayer.

## FOURTH CAUSE OF ACTION

**(By Plaintiff Individually and on Behalf of the Class against Defendants and Does 1-10)**

## FAILURE TO REIMBURSE FOR NECESSARY WORK EXPENSES

### [Labor Code §§ 2800 and 2802]

110.    Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this SAC.

111.    Labor Code § 2800 requires employers in all cases to indemnify employee losses caused by the employer's want of ordinary care.

112.    In pertinent part, Labor Code § 2802 provides:

> (a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties...
>
> (c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

113.    According to IWC Order No. 4-2001, Item 9(A), when an employer requires uniforms to be worn by non-exempt employees, the employer shall provide and maintain such uniforms. IWC Order No. 4-2001, Item 9(A) further defines "uniform" to include apparel of distinct design or color.

114.    Plaintiff asserts that Ricoh, as a policy, practice, guideline and/or procedure, requires its Ricoh Employees to wear a distinctive Ricoh shirt, which features the Ricoh logo, as a condition of their employment.

115.    Plaintiff further asserts that as a policy, practice, guideline, procedure and/or culture, Ricoh neither provides nor maintains the distinctive shirts it requires

24

Ricoh Employees to wear. Instead, Ricoh requires Ricoh Employees to purchase the distinctive shirts from a company-endorsed vendor. Due to the nature of the job, the Ricoh Employees' shirts require special laundering, such as dry cleaning, because regular laundering services would not adequately remove stains caused by ink, chemicals and other substances. Plaintiff asserts that Ricoh does not reimburse Ricoh Employees for the cost of purchasing or maintaining the distinctive shirts in violation of California law.

116.   Additionally, Plaintiff asserts that it is Ricoh's policy, practice, guideline, procedure and/or culture to require Ricoh Employees to drive their personal vehicles to and from job sites without adequate reimbursement for expenses related to the use of their personal vehicles for work-related purposes. Ricoh thus failed to reimburse Plaintiff and other Ricoh Employees for necessary work expenses in violation of California law.

117.   Ricoh also requires Ricoh Employees to charge their company equipment at their residences and to use their personal cell phones for work related tasks. However, despite such policy, practice, guideline, procedure and/or culture, Ricoh does not provide reimbursement to Ricoh Employees for a reasonable portion of their work-related expenses.

118.   Plaintiff and other current or former Ricoh Employees are entitled to and seek reimbursement of their necessary expenditures, plus interest, including reasonable attorneys' fees and costs pursuant to Labor Code §§ 2800 and 2802.

119.   Plaintiff and other current or former Ricoh Employees are entitled to, and seek to, recover reasonable attorneys' fees and costs pursuant to Labor Code § 218.5 and Code of Civil Procedure § 1021.5.

120.   Plaintiff, on behalf of himself and all other current or former Ricoh Employees, requests further relief as described in the below prayer.

/ / /

/ / /

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

# FIFTH CAUSE OF ACTION

**(By Plaintiff Individually and on Behalf of the Class against Defendants and Does 1-10)**

## FAILURE TO PAY WAGES OWED

**[Labor Code §§ 201-203]**

121.    Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this SAC.

122.    Labor Code § 200(a) defines "wages" to include "all amounts for labor performed by employees...whether the amount is fixed or ascertained by the standard of time...commission basis, or other method of calculation." The term "labor" is further defined in subsection (b) to include "labor, work, or service whether rendered or performed under contract, subcontract, partnership...or other agreement if the labor...is performed personally by the person demanding payment."

123.    Pursuant to Labor Code § 201(a), "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

124.    According to Labor Code § 202(a):

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of mailing shall constitute the date of payment for purposes of the requirement to provide payment with 72 hours of the notice of quitting.

125.    In pertinent part, Labor Code § 203(a) further provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action thereof is commenced; but the wages shall not continue for more than 30 days.

26

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

126.    As described herein, Ricoh knowingly failed to timely and properly compensate its Ricoh Employees for all time worked as well as for non-compliant meal and rest periods. As a result, Ricoh willfully failed to timely pay wages owed to Plaintiff and other former Ricoh Employees who are no longer employed by Ricoh in violation of Labor Code §§ 201 and 202.

127.    As a consequence of Ricoh's willful and deliberate refusal to render such wages, Plaintiff and other affected Ricoh Employees are entitled to, and thus seek, a maximum of 30 days' wages at their daily rate of pay as a waiting time penalty. *See* Labor Code § 203.

128.    Plaintiff and other current or former Ricoh Employees are entitled to, and seek to, recover reasonable attorneys' fees and costs pursuant to Labor Code § 218.5 and Code of Civil Procedure § 1021.5.

129.    Plaintiff, on behalf of himself and all other current or former Ricoh Employees, requests further relief as described in the below prayer.

## SIXTH CAUSE OF ACTION

**(By Plaintiff Individually and on Behalf of the Class against Defendants and Does 1-10)**

**FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**

**[Labor Code §§ 226 and 226.3]**

130.    Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this SAC.

131.    Labor Code § 226 states in pertinent part:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions... (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid… (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number…(8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each period and the corresponding number of

27

hours worked at each hourly rate by the employee…"

132.  Labor Code § 226(e)(1) further provides:

> An employee suffering injury as a result of knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

133.  According to Labor Code § 226(h), "an employee may also bring an action for injunctive relief to ensure compliance with this section and is entitled to an award of costs and reasonable attorneys' fees."

134.  An injury occurs where the employer fails to provide accurate information and the employee cannot "promptly and easily determine" the total number of hours worked or the "applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate." Labor Code § 226(a)(9)-(e)(2)(B)(i).

135.  Labor Code § 226(e)(2)(c) explains that the phrase "promptly and easily determine" means that "a reasonable person would be able to readily ascertain the information without reference to documents or information."

136.  Ricoh's policy, practice, guideline and/or procedure of inadequately compensating Ricoh Employees for all time worked as well as Ricoh's failure to pay entitled to premium wages to Ricoh Employees, as described herein, resulted in Ricoh furnishing inaccurate wage statements to its Ricoh Employees that did not properly itemize and reflect gross and/or net wages earned.

137.  Additionally, pursuant to Ricoh's policy, practice, guideline and/or procedure of not permitting Ricoh Employees to record their actual time worked, the total hours worked, and applicable pay rates are inaccurately listed on the wage statements. As described herein, Ricoh instructed and coerced Ricoh Employees to work off the clock during meal periods. Ricoh also failed to properly itemize the total hours

28

worked and the applicable rates of pay on its Ricoh Employee's wage statements. Moreover, pay period information and the required employee and employer identification information were not properly included on each wage statement.

138.    As a result of Ricoh's failure to provide complete, accurate and itemized wage statements in violation of Labor Code § 226, Plaintiff and other current or former Ricoh Employees were unable to readily ascertain from their wage statements whether they were properly compensated. Therefore, pursuant to California law, Plaintiff and other current or former Ricoh Employees are deemed to have suffered injury resulting from Ricoh's knowing and intentional failure to furnish accurate itemized wage statements.

139.    According to Labor Code § 226(e), Plaintiff and other current or former Ricoh Employees are entitled to, and seek to recover, liquidated damages in the amount of $50.00 for the initial violation and $100.00 for each subsequent violation per employee, not to exceed $4,000.00.

140.    Additionally, pursuant to Labor Code § 226.3, Plaintiff and other current or former Ricoh Employees are entitled to, and seek to recover, a civil penalty in the amount of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation, for violations of Labor Code § 226(a).

141.    Furthermore, pursuant to Labor Code § 226(h), Plaintiff and other current or former Ricoh Employees are entitled to, and therefore seek, injunctive relief to ensure Ricoh's future compliance with Labor Code § 226.

142.    Plaintiff and other current or former Ricoh Employees are further entitled to, and seek to recover, attorneys' fees and costs as provided under Labor Code §§ 218.5 and 226(h) and Code of Civil Procedure § 1021.5.

143.    Plaintiff, on behalf of himself and all other current or former Ricoh Employees, requests further relief as described in the below prayer.

/ / /

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

**SEVENTH CAUSE OF ACTION**

**(By Plaintiff Individually and on Behalf of the Class against Defendants and Does 1-10)**

**FAILURE TO MAINTAIN ACCURATE RECORDS**

**[Labor Code §§ 226, 226.3 and 1174]**

144.   Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this SAC.

145.   In pertinent part Labor Code § 226(a) states "a copy of the [wage] statement and the record of deductions shall be kept on file by the employer for at least three years…"

146.   According to Labor Code § 1174(d):

> "[e]very person employing labor in this state shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by commission, but in case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned."

147.   Plaintiff alleges that Ricoh, as described herein, has a policy, practice, guideline and/or procedure of intentionally and willfully failing to maintain accurate payroll records that properly show the total number of hours worked as well as the wages paid each day to Plaintiff and other Ricoh Employees, because, for example, Ricoh had a policy, practice, guideline, procedure and/or culture of automatically deducting thirty minutes for a meal period regardless if a compliant meal period was provided, as well as instructed Ricoh Employees to work off the clock in order to complete a job.

148.   Plaintiff and other current or former Ricoh Employees have suffered, and continue to suffer, injuries and damages as a consequence of Ricoh's deliberate failure to maintain accurate records as required by the Labor Code. More specifically, Plaintiff

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

and other Ricoh Employees were denied their legal right and protected interest in having accurate and complete payroll records available to them.

149.    Plaintiff and other current or former Ricoh Employees are thus entitled to, and seek damages as outlined in Labor Code § 226.7(e)(1).

150.    Plaintiff and other current or former Ricoh Employees are entitled to, and seek to, recover reasonable attorneys' fees and costs pursuant to Labor Code § 218.5 and Code of Civil Procedure § 1021.5.

151.    Plaintiff, on behalf of himself and all other current or former Ricoh Employees, requests further relief as described in the below prayer.

**EIGHTH CAUSE OF ACTION**

**(By Plaintiff Individually and on Behalf of the Class against Defendants and Does 1-10)**

**UNFAIR BUSINESS PRACTICES**

**[Bus. & Prof. Code §§ 17200 *et seq*.]**

152.    Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this SAC.

153.    As codified in Bus & Prof. Code §§ 17200 *et seq*., California's Unfair Competition Law ("UCL") broadly prohibits "any unlawful, unfair or fraudulent business act or practice."

154.    A cause of action may be brought under the UCL if a practice violates some other law. The "unlawful" prong of the UCL effectively deems a violation of the underlying law a per se violation of Bus. & Prof. Code §§ 17200. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal.4th 163, 180. Virtually any law or regulation – federal or state, statutory, or common law – can serve as a predicate for a § 17200 "unlawful" violation. *Farmers Ins. Exch. v. Superior Court* (1992) 2 Cal.4th 377, 383.

155.    The "unfair" prong of the UCL does not require a practice to be specifically proscribed by any law. *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 20 Cal.4th 1134, 1143 [internal citations omitted]. Pursuant to the California Supreme

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

1   Court, the "unfair standard" is intentionally broad to give maximum discretion to courts

2   in prohibiting new schemes to defraud. *Cel-Tech Commc'ns, Inc.,* 20 Cal.4th at 180-81.

3       156.   Under the UCL, a "fraudulent" business act or practice is one where

4   "members of the public are likely to be deceived." *Blakemore v. Superior Court* (2005)

5   129 Cal.App.4th 36, 49. A showing of actual deception, reasonable reliance, or damages

6   is not required. Id. The fraudulent prong may be used to attack the deceptive manner in

7   which otherwise lawful contract terms are presented to an individual. *Boschma v. Home*

8   *Loan Ctr., Inc.* (2011) 198 Cal.App.4th 230, 253. As such, even a true statement may be

9   unlawful under section 17200 if it is "couched in such a manner that is likely to mislead

10  or deceive..., such as by failing to disclose other relevant information." *Id.*

11      157.   Plaintiff is informed and believes, and based thereon alleges, that at all

12  times herein Ricoh has engaged in unlawful, deceptive and unfair business practices, as

13  proscribed by the UCL, including those policies and practices discussed herein, which

14  have deprived Plaintiff and other Ricoh Employees of the minimum standards and

15  conditions due to them under California law and the applicable IWC Wage Orders.

16                          Unlawful

17      158.   As described herein, Ricoh failed to properly compensate Ricoh Employees

18  for all time worked, including for time worked off the clock during meal periods.

19  Failing to compensate employees for all time worked is a clear violation of California

20  law, and thus a per se violation of the UCL. *Cel-Tech Commc'ns, Inc.*, 20 Cal.4th at

21  180. Additionally, Ricoh's failure to pay legally entitled to premium wages to Ricoh

22  Employees for non-compliant meal and/or rest periods is a violation of California law.

23  Furthermore, Ricoh's failure to provide Plaintiff and other current or former Ricoh

24  Employees with one hour of paid sick leave for every thirty (30) hours worked  is

25  unlawful. Ricoh's failure to promptly pay wages due upon separation or termination of

26  the employment relationship and/or pay the required waiting time penalties also violates

27  California law. Furthermore, Ricoh's failure to reimburse Ricoh Employees for

28  necessary business expenses violated California law. Moreover, Ricoh's failure to

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES,
RESTITUTION AND INJUNCTIVE RELIEF

provide employees with accurate itemized wage statements and failure to maintain accurate records are also violations of California law. As such, Ricoh has clearly engaged in unlawful business practices pursuant to Bus. & Prof. Code §§ 17200 *et seq*.

## Unfair

159.    Ricoh's practice of not permitting Ricoh Employees to accurately record their time worked and instructing Ricoh Employees to work off the clock is inherently unfair because Ricoh knowingly prevents Ricoh Employees from receiving adequate and timely compensation for all time worked in violation of California's policy of prompt payment of wages.

160.    Ricoh also violates the unfair prong of the UCL by failing to pay premium wages to Ricoh Employees for non-compliant meal and rest periods.

161.    Failing to provide Ricoh Employees with their earned sick days is unfair because it denies the rights to Ricoh Employees. Ricoh's failure to reimburse Ricoh Employees for the cost and maintenance of the distinctive shirts, for the cost of their personal vehicles for work-related purposes for the portion of electricity bill used to charge company equipment, and portion of cell phone bill used for work purposes constitutes an unfair practice as Ricoh requires Ricoh Employees to use personal resources for the company's benefit.

162.    Ricoh's practices of failing to promptly pay wages owed and providing inaccurate wage statements also constitute unfair business practices because such practices are both unethical and contrary to the Labor Code.

## Fraudulent

163.    Ricoh's practice of providing Plaintiff and other Ricoh Employees with inaccurate wage statements constitutes a fraudulent business practice under the UCL as Plaintiff and other service Ricoh Employees are likely to be, and actually are, deceived as to whether they were paid for all time worked.

164.    Ricoh's practice of failing to maintain accurate records also constitutes a fraudulent business practice as the inaccuracies intentionally mislead Ricoh Employees

33

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

as to their total hours worked and wages earned.

165.   As a direct and proximate result of Ricoh's unlawful, unfair and fraudulent business practices, Plaintiff and other current or former Ricoh Employees have suffered injury-in-fact as they have lost wages rightfully owed to them.

166.   Through their unlawful, unfair and fraudulent conduct, Ricoh has been unjustly enriched by receiving and continuing to receive benefits and profits at the expense of its Ricoh Employees. Pursuant to Bus. & Prof. Code §§ 17200 *et seq*., Ricoh should thus be enjoined from this activity and made to disgorge all ill-gotten gains and restore Plaintiff and other current or former Ricoh Employees the wages wrongfully withheld from them.

167.   Moreover, Ricoh's unlawful, unfair and fraudulent conduct alleged herein has continued, and there is no indication that Ricoh will refrain from such activity in the future especially as Ricoh knowingly requires its Ricoh Employees to work off the clock without adequate compensation. Plaintiff believes and alleges that if Ricoh is not enjoined from the conduct described herein, it will continue to violate California law at the expense of its Ricoh Employees. Accordingly, Plaintiff requests that the court issue a preliminary and permanent injunction against Ricoh.

168.   Plaintiff and other current or former Ricoh Employees are entitled to, and seek to, recover reasonable attorneys' fees as provided by Code of Civil Procedure § 1021.5.

169.   Plaintiff, on behalf of himself and all other current or former Ricoh Employees, requests further relief as described in the below prayer.

## NINTH CAUSE OF ACTION

**(By Plaintiff in his Representative Capacity against Defendants and Does 1-10)**

**PRIVATE ATTORNEY GENERAL ACT OF 2004**

**[Labor Code §§ 2698 *et seq*.]**

170.   Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this SAC.

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

171.   Pursuant to PAGA, any provision of the Labor Code allowing for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees, for a California Labor Code violation, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees. Such civil penalties are in addition to any other relief provided for under the Labor Code and must be allocated seventy-five percent (75%) to the LWDA and twenty-five percent (25%) to the aggrieved employees pursuant to § 2699(i).

172.   Ricoh employed Plaintiff and each of the current or former employees he represents in the state of California during all, or a portion of, the one-year period before Plaintiff filed his notice with the LWDA.

173.   Plaintiff is an "aggrieved employees" under PAGA, as he was employed by Ricoh within the one-year and sixty-five-day period prior to initiating this action against Ricoh and suffered one or more violations of the Labor Code.

174.   Plaintiff has complied with the notice requirements outlined in Labor Code § 2699.3. On March 7, 2018, Plaintiff submitted notice to the LWDA and Defendants informing them of Ricoh's alleged Labor Code violations pursuant to PAGA. *See* Exhibit 1. The LWDA had 65 days to provide notice of whether it intended to investigate the alleged violations. To date, the LWDA has not provided notice of whether it intends to investigate the alleged violations. Plaintiff thus has the right to pursue, and does pursue, his claims under PAGA in a representative capacity pursuant to Labor Code § 2699.3.

175.   As set forth herein, Ricoh has committed, and continues to commit, numerous violations for which the Labor Code entitles Plaintiff, in his representative capacity, to recover, on behalf of himself and all other current or former Ricoh Employees, the general public and the state of California, attorneys' fees and costs, as well as statutory penalties against Ricoh for the alleged Labor Code violations, described herein.

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES,
RESTITUTION AND INJUNCTIVE RELIEF

176.    Plaintiff, in his representative capacity, seeks to recover civil penalties for his PAGA claim through a representative action based on violations of the following Labor Code provisions:

a.    Failure to timely pay minimum wages, straight time and overtime compensation in violation of Labor Code §§ 204, 204(a), 210, 222, 223, 224, 510, 1194, 1197, 1197.1, and 1198;

b.    Failure to provide legally compliant meal periods or compensation in lieu thereof in violation of Labor Code §§ 226.7, 512 and relevant IWC Wage Orders;

c.    Failure to provide legally compliant rest periods or compensation in lieu thereof in violation of Labor Code § 226.7 and relevant IWC Wage Orders;

d.    Failure to reimburse for necessary work expenses in violation of Labor Code §§ 2800 and 2802 and relevant IWC Wage Orders;

e.    Failure to pay wages owed and/or required waiting time penalties in violation of Labor Code §§ 201 – 203;

f.    Failure to Provide Paid Sick Days in violation of Labor Code § 246;

g.    Failure to furnish accurate itemized wage statements in violation of Labor Code § 226; and

h.    Failure to maintain accurate records in violation of Labor Code §§ 226(a) and 1174.

177.    For violations of Labor Code §§ 510 and 512, in addition to any other recovery provided by law, Labor Code § 558 imposes a civil penalty of $50 per pay period for each underpaid employee for the initial violation and $100 per pay period for each underpaid employee for each subsequent violation of any section of Labor Code Division 2, Part 2, Chapter 1, or any provision regulating hours and days of work in any order of the IWC. Labor Code § 558 also requires that any recovery of wages be paid to

36

the affected employee. Therefore, Plaintiff, in his representative capacity on behalf of himself and other Ricoh Employees is entitled to and does seek such civil penalties.

178.   Labor Code § 1197.1 subjects any employer or person to a civil penalty of $100 any initial violations for each under underpaid employee and $250 for each underpaid employee for each subsequent violation, restitution of wages and liquidated damages payable to the employee and any applicable penalties imposed by section 203 for paying or causing to pay an employee less than minimum wage imposed by law. Plaintiff is thus entitled to and does seek such civil penalties in his representative capacity on behalf of himself and other Ricoh Employees.

179.   Labor Code § 226.3 imposes a civil penalty of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation for violations of Labor Code § 226(a).  Accordingly, Plaintiff, in his representative capacity on behalf of himself and other Ricoh Employees, is entitled to and seeks the civil penalties provided by Labor Code § 226.3.

180.   For violations of Labor Code § 1174 subdivisions (b), (c), and (d), Labor Code § 1174.5 imposes a civil penalty of $500. Plaintiff, in his representative capacity on behalf of himself and other Ricoh Employees, is thus entitled to and seeks to recover the civil penalty provided by Labor Code § 1174.

181.   For violations of Labor Code § 246, the statue provides that Attorney General shall be entitled to collect legal or equitable relief on behalf of the aggrieved as may be appropriate to remedy the violation, including reinstatement, backpay, the payment of sick days unlawfully withheld, the payment of an additional sum, not to exceed an aggregate penalty of $4,000 as liquidated damages in the amount of $50 to each employee or person whose rights were violated for each day or portion thereof that the violation occurred or continued, plus if the employer has unlawfully withheld sick days to an employee, the dollar amount of paid sick days withheld from the employee multiplied by three; or $250 which ever amount is greater; and reinstatement employment or injunctive relief; and further shall be awarded reasonable attorneys' fees

1   and costs, provided, however, that any person or entity enforcing this article on behalf

2   other public as provided for under applicable state law shall, upon prevailing, be entitled

3   to equitable, injunctive, or restitionary relief, and reasonable attorney's fees and costs.

4   Labor Code § 248.5(e). The statute further provides that the court may award interest on

5   all amounts due and unpaid at the rate of interest specified in subdivision (b) of Section

6   3289 of the Civil Code. Labor Code § 248.5(f)

7       182.   Labor Code § 2699(f) imposes a civil penalty of $100 per pay period, per

8   employee for the initial violation, and $200 per pay period, per employee for each

9   subsequent violation for all Labor Code provisions for which a civil penalty is not

10  specifically provided, including Labor Code §§ 201, 202, 203, 204, 204(a), 222, 223,

11  224, 226, 226(a), 226.7, 246, 510, 512, 1174, 1194, 1197, 1197.1, 1198, 2800, 2802,

12  and relevant IWC Wage Orders. As such, Plaintiff is entitled to, and therefore seeks, the

13  civil penalties provided by Labor Code § 2699(f) in his representative capacity on

14  behalf of himself and other Ricoh Employees.

15      183.   Labor Code § 2699(g)(1) provides that an employee who prevails in a civil

16  action brought pursuant to PAGA shall be entitled to an award of reasonable attorneys'

17  fees and costs. Therefore, Plaintiff, in his representative capacity on behalf of himself

18  and other Ricoh Employees, is entitled to, and therefore seeks, reasonable attorneys'

19  fees and costs.

20      184.   Plaintiff, in his representative capacity on behalf of himself and other

21  Ricoh Employees, is entitled to, and seeks to, recover reasonable attorneys' fees as

22  provided by Labor Code §§ 218.5, 248.5 and Code of Civil Procedure § 1021.5.

23      185.   Plaintiff, in his representative capacity on behalf of himself and other

24        Ricoh Employees, requests further relief as described in the below prayer.

25  / / /

26  / / /

27  / / /

28  / / /

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

**TENTH CAUSE OF ACTION**

**(By Plaintiff Individually and on Behalf of the Class against Defendants and Does 1-10)**

**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**[29 U.S.C. §§ 201 *et seq*.]**

186.    Plaintiff realleges and incorporates by this reference, as though fully set forth herein, all paragraphs of this SAC.

187.    The FLSA requires employers to pay its employees for all hours worked. Specifically, the FLSA establishes the right of employees to be paid minimum wages for all time worked. 29 U.S.C. § 206.

188.    The Code of Federal Regulations provides that "work not requested but suffered or permitted is work time." 29 C.F.R. § 785.11.  It is well established that work performed is compensable if the employer knew or had reason to know an employee was performing such work. 26 C.F.R. § 785.12.

189.    An employer may not employ an employee for more than 40 hours in a workweek "unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half time the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

190.    "[B]ona fide meal periods are not work time. The employee must be completely relieved from duty for the purposes of eating regular meals.  Ordinarily 30 minutes or more is long enough for a bona fide meal period. 29 C.F.R. § 785.19.

191.    The FLSA also requires employers to keep various records for each non-exempt employee. 29 U.S.C. § 211(c). Such records must be accurate and include the following identifiable information for each employee: (1) the employee's full name and social security number…(5) the time and day of the week that the employee's workweek begins…(7) the total hours worked each workweek; (8) the basis on which the employee's wages are paid; (9) the employee's regular hourly rate of pay; (10) the employee's total daily or weekly straight-time earnings; (110 the employee's total overtime earnings for the workweek…(13) the total wages paid to the employee each

39

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

pay period; and (14) the date of payment and the pay period covered by the payment. 29 C.F.R. §§ 510 *et seq.*

192.   As discussed herein, Plaintiff and other Ricoh Employees regularly work at least eight hours in a day and/or forty hours in a workweek.

193.   As described herein, Ricoh has a policy, practice, procedure, guideline and/or culture of failing to timely compensate Plaintiff and other Ricoh Employees for all time worked at the appropriate rate of pay.

194.   As outlined herein, Ricoh has a policy, practice, procedure, guideline and/or culture of failing to provide Ricoh Employees with off-duty meal periods of at least thirty minutes.

195.   As discussed herein, Ricoh has failed to maintain accurate employee records since Ricoh has, among other things, failed to accurately record all hours worked by its employees and failed to properly compensate its employees for all time worked including, but not limited to, the appropriate minimum wages, straight time and overtime compensation.

196.   The FLSA provides that an employee is entitled recover all unpaid wages, an equivalent amount as liquidated damages and reasonable attorneys' fees and costs. 29 U.S.C. § 216(b). Accordingly, Plaintiff on behalf of himself and other Ricoh Employees, requests all unpaid wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs incurred as a result of prosecuting the action.

## **PRAYER FOR RELIEF**

Plaintiff prays for judgment against Defendants as follows:

1.   For an order determining that this action may be maintained as a class action with the named Plaintiff as the class representative;

2.   For the attorneys appearing on the above caption to be named class counsel;

3.   For an order determining that this action may be maintained as a representative action with the named Plaintiff as the representative;

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF

4.  For all wages and benefits due to Plaintiff and other current or former service technicians of Defendants pursuant to California law;

5.  For all minimum wages and overtime compensation owed pursuant to Labor Code §§ 510, 1194, 1197.1, 29 U.S.C. § 216(b) and/or other applicable law;

6.  For premium wages pursuant to Labor Code § 226.7, and/or other applicable law;

7.  For unreimbursed business expenses pursuant to Labor Code §§ 2800 and 2802, and/or other applicable law;

8.  For waiting time penalties pursuant to Labor Code § 203, and/or other applicable law;

9.  For damages, pursuant to Labor Code § 226, and/or other applicable law;

10. For all liquidated damages, pursuant to Labor Code §§ 226(e), 1194.4(a), 1197.1, 29 U.S.C. § 216(b) and/or other applicable law;

11. For civil penalties, pursuant to Labor Code §§ 210, 558, 1197.1, and/or other applicable law;

12. For PAGA civil penalties pursuant to Labor Code §§ 2698 *et seq.*, and/or other applicable law;

13. For injunctive relief, pursuant to Labor Code § 226(h) and Bus. & Prof. Code § 17203, and/or other applicable law;

14. For restitution for Defendants' unfair, unlawful, and fraudulent business practices as provided by California law;

15. For reasonable attorneys' fees and costs of suit pursuant to Labor Code §§ 218.5, 226(e)(1), 226(h), 248.5, 1194, 2802, 2699(g), Code of Civil Procedure § 1021.5, 29 U.S.C. § 216(b) and/or other applicable law;

41

16. For pre-judgment and post-judgment interest as provided by California law;

17. For appropriate equitable relief pursuant to California law; and

18. For all other relief the Court may deem just and proper.

Dated: June 28, 2019                                    **CLARK LAW GROUP**

By:_____
                                                        R. Craig Clark
                                                        Monique R. Rodriguez
                                                        *Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues triable to a jury.

Dated: June 28, 2019                                    **CLARK LAW GROUP**

By:_____
                                                        R. Craig Clark
                                                        Monique R. Rodriguez
                                                        *Attorneys for Plaintiff*

SECOND AMENDED COMPLAINT FOR DAMAGES, CIVIL PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF